**In re GROUND SYSTEMS, INC.,
dba Airport Coach, Debtor.**

**GROUND SYSTEMS, INC., dba
Airport Coach, Appellant,**

**v.**

**Theodor C. ALBERT, Chapter 11 Trustee
and Plan Agent, and Airport Service,
Inc., Appellees.**

**BAP No. CC–97–1030–SHMe.**

**Bankruptcy No. SA 90–01359 JR.**

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted July 22, 1997.

Decided Sept. 30, 1997.

Mohammed K. Ghods, Ghods & Stahr, Santa Ana, CA, for Ground Systems, Inc.

Mary H. Rose, Proskauer, Rose, Goetz & Mendelson, Los Angeles, CA, for Airport Service, Inc.

1. Honorable Paul B. Snyder, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy

Before: SNYDER,[1] HAGAN, and MEYERS, Bankruptcy Judges.

## OPINION

SNYDER, Bankruptcy Judge.

### OVERVIEW

A Chapter 11 debtor requested that a final decree be entered in the case. The bankruptcy court interpreted the plan to require that the final decree be entered only after all of the plan payments were made and denied the debtor's request. The debtor appeals.

### BACKGROUND

On February 27, 1990, Ground Systems, Inc. (GSI), a corporation that provides ground transportation to airports in Los Angeles and Orange County, filed a voluntary petition for relief under Chapter 11.[2] On January 23, 1992, Theodor Albert (Albert) was appointed trustee. In February 1993, the bankruptcy court confirmed the chapter 11 trustee's second amended plan of reorganization. The confirmed plan required the appointment of a plan agent. The plan agent would appoint the initial and successor members of the board of directors, meet weekly with management and the board, and assume responsibility for distributions under the plan. Albert was appointed as plan agent. The plan invested management of the debtor in the plan agent for the first six months and "[a]fter that six months, and until a Final Decree is entered on the Docket, all powers of management shall be delegated to the Interim Board by the Plan Agent." The plan further provided that shareholders would retain their shares and that

[a]s of the Final Payment Date, the Plan Agent will file a request for a Final Decree and, upon entry of a Final Decree, the Plan Agent and any Interim Board will resign. Thereafter, shareholders with allowed interest may elect new management

Code, 11 U.S.C. §§ 101–1330; references to "rule" or "Fed. R. Bankr.P." are to the Federal Rules of Bankruptcy Procedure 1001–9036, which make applicable certain Federal Rules of Civil Procedure (Fed.R.Civ.P.).

as the articles and bylaws of the Debtor allow.

The plan defines "Final Payment Date" as "that date when all allowed claims, plus interest as provided under the Plan, are paid in full. Under the Plan, this is the date of the last installment due on account of Class 4 [penalties and fines]."

On November 27, 1996, GSI filed a motion for an order granting a final decree in the case in response to a request from the bankruptcy court's clerk. Airport Service, Inc. (ASI), who held an allowed class 2 (general unsecured) claim under the plan, opposed the motion. ASI argued that, under the provisions discussed above,

> the Plan Agent retains ultimate control of the reorganized debtor until both the completion of payments under the Plan and the entry of a final decree, events which were expressly contemplated to occur simultaneously. . . . [S]hareholders have no authority to elect a Board of Directors until all Plan payments have been made.

GSI responded to the objection, arguing, first, that closing the case was proper under 11 U.S.C. § 350(a)[3] and Fed. R. Bankr.P. 3022[4] and, second, that the bankruptcy court did not have jurisdiction to keep the case open once the plan had been substantially consummated.

At a December 19, 1996 hearing on the motion, that focused principally on interpreting the plan, the bankruptcy court accepted ASI's contention that issuing a final decree would violate the plan, and denied GSI's motion to close the case:

> I'm going to deny the motion. I did ask that this be brought. I was not aware that the plan required this case to stay open until it was fully consummated. If we'd picked up on that earlier, I would not have allowed that to have been a condition of this plan. It's not an acceptable provision, and frankly, is in conflict with the [Bankruptcy Code] and it never should have gotten through. But it did, so we're bound

to carry out the specific provisions of the plan. . . .

GSI filed this timely appeal.

## ISSUE

Whether the bankruptcy court erred when it denied GSI's request for a final decree.

## STANDARD OF REVIEW

█ The issue presented raises purely legal issues and is therefore reviewed de novo. *In re Commercial Western Fin. Corp.,* 761 F.2d 1329, 1333 (9th Cir.1985).

## DISCUSSION

### Plan Does Not Violate the Bankruptcy Code

The bankruptcy court indicated that the confirmed plan's requirement that the case remain open until all payments under the plan had been made violated 11 U.S.C. § 350(a) and Fed. R. Bankr.P. 3022. The Bankruptcy Code and Federal Rules of Bankruptcy Procedure direct a court to close a Chapter 11 case once the debtor's estate is "fully administered." 11 U.S.C. § 350(a); Fed. R. Bankr.P. 3022. However, neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the term "fully administered."

█ On appeal, GSI argues that we may determine whether a case has been "fully administered" by referring to cases that have construed the term "substantial consummation." The term "substantial consummation" is used to determine when a plan may no longer be modified. *See* 11 U.S.C. § 1127(b). Although GSI acknowledges that the terms are used in different contexts, it argues that they are equivalent, *citing In re BankEast Corp.,* 132 B.R. 665, 668 n. 3 (Bankr.D.N.H. 1991). Therefore, according to GSI, because payments under the plan had commenced, the plan had been substantially consummated and a final decree should have been issued.

---

3. 11 U.S.C. § 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

4. Fed. R. Bankr.P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

*See* 11 U.S.C. § 1101(2); *In re Antiquities of Nev., Inc.,* 173 B.R. 926, 930 (9th Cir.BAP 1994).

■ We do not agree with the *BankEast* court that the terms "fully administered" and "substantial consummation" are interchangeable. "[T]he use of different language by Congress creates a presumption that it intended the terms to have different meanings." *Legacy Emanuel Hosp. and Health Ctr. v. Shalala,* 97 F.3d 1261, 1265 (9th Cir. 1996) (citing *Washington Hosp. Ctr. v. Bowen,* 795 F.2d 139, 146 (D.C.Cir.1986)). Therefore, we cannot look only to interpretations of the term "substantial consummation" to determine when a case should be closed and a final decree entered.

In the alternative, GSI points to the 1991 Amendments to Federal Rules of Bankruptcy Procedure 3022 advisory committee note (the Committee Notes), to support the argument that a plan may be closed as soon as payments commence under the plan.

Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code. For example, on motion of a party in interest, the court may reopen the case to revoke an order of confirmation procured by fraud under § 1144 of the Code. If the plan or confirmation order provides that the case shall remain open until a certain date or event because of the likelihood that the court's jurisdiction may be required for specific purposes prior thereto, the case should remain open until that date or event.

Fed. R. Bankr.P. 3022 advisory committee's note (1991). GSI acknowledges that although the plan may require the case to remain open, such a requirement is only proper where there is a likelihood that the bankruptcy court's jurisdiction may be required for a specific purpose. GSI argues the plan requires the estate to remain open for reasons other than the potential intervention of the bankruptcy court.

■ We do not read Federal Rules of Bankruptcy Procedure 3022 so narrowly. The plan required the estate to remain open while the plan agent performed his duties. Although the dismissal of the plan agent and return of corporate control to the shareholders could have been tied to an event other than the entry of a final decree, we do not believe that such a requirement runs afoul of the Bankruptcy Code. Further, the Committee Notes specifically provide that a case may remain open until a certain date or event specified in the plan.

■ Even if we agreed with the bankruptcy court that the plan violated the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, we agree with ASI that it was proper for the bankruptcy court to give res judicata effect to the plan's terms.

### Order of Confirmation Was Not Appealed; Terms of the Confirmed Plan is Res Judicata

ASI argues that the terms of a confirmed plan are res judicata even if those terms conflict with the Bankruptcy Code. *In Trulis v. Barton,* 107 F.3d 685, 691 (9th Cir.1995), a creditor challenged provisions in a confirmed plan which released consenting creditors' claims against the debtor's principals. The

creditors argued that the release provisions were unenforceable under state law. The Ninth Circuit Court of Appeals rejected this argument. "Since the plaintiffs never appealed the bankruptcy court's confirmation order, the order is a final judgment and plaintiffs cannot challenge the bankruptcy court's jurisdiction over the subject matter." *Trulis,* 107 F.3d at 691. The Ninth Circuit further stated that

> "[c]reditors who do not wish to release third party debtors pursuant to the principal debtor's plan of reorganization should object to confirmation of the plan on the ground that such a plan provision is violative of section 524 and not within the power, even jurisdiction, of the bankruptcy court.... *The point is that only a direct attack is available and collateral attack is unavailable*"

*Trulis,* 107 F.3d at 691 (quoting 5 COLLIER ON BANKRUPTCY ¶ 1141.01[1] n. 17a (Lawrence P. King, 15th ed.1995)).

The Fifth Circuit Court of Appeals has reached the same conclusion. In *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1049–50 (5th Cir.1987), the Fifth Circuit determined that a plan containing a guarantor's release was res judicata as to the parties:

> Regardless of whether that provision is inconsistent with the bankruptcy laws ..., it is nonetheless included in the Plan, which was confirmed by the bankruptcy court without objection and was not appealed. [The appellant], in effect, is now seeking to appeal the confirmed Plan and asking us to review it on its merits. Questions of the propriety or legality of the bankruptcy court confirmation order are indeed properly addressable on direct appeal. [The appellant], however, is now foreclosed from that avenue of review because it chose not to pursue it....

*Republic Supply Co.,* 815 F.2d at 1050. *See also Bowen v. United States (In re Bowen),* 174 B.R. 840, 847–48 (Bankr.S.D.Ga.1994) ("the contents of a plan of reorganization may not be challenged on the grounds that the plan's provisions are contrary to applicable law absent an appeal"). Thus, we agree with ASI that the plan's requirement that the case remain open is effective regardless of whether or not it would otherwise violate the Bankruptcy Code.

GSI also argues that by refusing to close the case, the bankruptcy court has improperly retained jurisdiction over the case. As discussed above, even if the plan improperly gives the bankruptcy court postconfirmation jurisdiction, such an objection should have been raised at confirmation.

### CONCLUSION

In appropriate circumstances a plan may remain open until all payments under the plan have been made. Substantial consummation of a plan in accordance with 11 U.S.C. § 1127(b) does not necessarily prevent a plan from remaining open. Further, if a confirmation order is not appealed, the plan terms are res judicata. We affirm the bankruptcy court's order denying entry of a final decree.