**In re Scott E. ZIOLKOWSKI, Sr. and Dawn M. Ziolkowski, Debtors.**

**No. 05–37621 (LMW).**

United States Bankruptcy Court, D. Connecticut.

March 1, 2006.

David F. Falvey, Esq., Groton, CT, for Debtors.

Linda St. Pierre, Esq., Hunt, Leibert, Jacobson, Hartford, CT, for Option One Mortgage Corporation.

### MODIFIED MEMORANDUM AND ORDER RE: MOTION TO CONTINUE AND EXTEND THE AUTOMATIC STAY

LORRAINE MURPHY WEIL, Bankruptcy Judge.

The matter before the court is the above-referenced debtors' (the "Debtors") Motion To Continue and Extend the Automatic Stay (Doc. I.D. No. 4, the "Motion")[1] filed pursuant to Section 362(c)(3)(B) of the United States Bankruptcy Code (as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")). The court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1134 and 157(b), and that certain Order dated September 21, 1984 of the District Court (Daly, C.J.).[2]

### I. BACKGROUND

The Debtors commenced the Prior Case under chapter 13 of the Bankruptcy Code (prior to amendment by BAPCPA) by a joint petition filed on March 4, 2005. (Prior Case Doc. I.D. No. 2.) The Prior Case was dismissed (without prejudice) before plan confirmation by order entered on August 19, 2005. (Prior Case Doc. I.D. No. 23.)

This chapter 13 case was commenced by the electronic filing of a joint petition on November 2, 2005. (Doc. I.D. No. 1, the "Petition".)[3] As of the filing of the Petition, the Debtors were defendants in a pending state court foreclosure action brought by their mortgagee Option One Mortgage Corporation ("Option One") with respect to the Debtors' residence. (See Doc. I.D. No. 19, Statement of Financial Affairs at 2, question 4.) The Motion was filed electronically along with the Petition. When the Motion was electronically filed, counsel selected "Motion to Extend Time" as the relevant motion "event."[4] The Clerk's Office issued a notice of hearing (the "Notice of Hearing") on the Motion on November 30, 2005 and a hearing was scheduled for January 12, 2006. That hearing was continued to February 9, 2006

---

1. References to the docket of this chapter 13 case are in the following form: "Doc. I.D. No. ____." References to the docket of Case No. 05–30883 (the "Prior Case") appear in the following form: "Prior Case Doc. I.D. No. ____." This opinion supercedes the Memorandum and Order Re: Motion To Continue and Extend the Automatic Stay issued in this case on February 27, 2006. (Doc. I.D. No. 37.)

2. That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings ... arising under Title 11, U.S.C....."

3. The Petition was amended on November 16, 2005. (*See* Doc. I.D. No. 19.)

4. At that time, there was no specific motion "event" corresponding to a motion filed pursuant to Section 362(c)(3)(B).

to permit the Debtors' counsel to correct service deficiencies.[5]

At the February 9, 2006 hearing, counsel for Option One appeared and orally objected to the Motion as untimely heard. The court took the matter under advisement and now issues this opinion.

## II. *ANALYSIS*

Because of the dismissal of the Prior Case, the commencement of this case triggered Bankruptcy Code § 362(c)(3), which provides in relevant part as follows:

> [I]f a single or joint case is filed by ... [a] debtor who is an individual in a case under chapter ... 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under Section 707(b)—
>
> (A) the stay under subsection (a) [of Section 362] with respect to any action taken with respect to a debt or property securing such debt ... shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in a particular case as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period [the "Hearing Deadline"] only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed ....

11 U.S.C.A. § 362(c)(3) (West 2006).[6]  As noted above, the Debtors' counsel filed the Motion with the Petition. Counsel then relied upon the Clerk's Office to schedule a hearing on the Motion within the Hearing Deadline. However, the Clerk's Office issued the Notice of Hearing only three days before the Hearing Deadline and that notice provided for a hearing well beyond the Hearing Deadline.

The parties have requested this court to "clarify" whether the burden to schedule a Section 362(c)(3)(B) motion for a hearing before the Hearing Deadline rests on the Clerk's Office or on the movant. A partial answer to that question is that it is the expectation of the court that the Clerk's Office normally will schedule a hearing on a Section 362(c)(3)(B) motion to take place before the Hearing Deadline. That did not happen in this case because there was no motion "event" on the court's CM/ECF system to prompt the Clerk's Office to properly schedule the Motion. As a result of the events in this case, that situation has been rectified: there is now an "event" under the "motions" category called "Extend Automatic Stay" which Section 362(c)(3)(B) movants can select in order to generally assure timely scheduling of a Section 362(c)(3)(B) motion.[7]

However, to say that the Clerk's Office should have scheduled the Motion for a hearing to be held prior to the Hearing Deadline is not dispositive here. The

---

5.  Even so, it appears that Option One was the only creditor served with the Notice of Hearing and who thus had an opportunity to object to the Motion. (*See* Doc. I.D. No. 33.)

6.  Option One does not challenge the Debtors' good faith.

7.  This court's CM/ECF system went "live" on August 1, 2005. BAPCPA became generally effective on October 17, 2005. Coordination of the two has been generally effective but, as this case demonstrates, not absolutely perfect.

Debtors were the movants and it was their ultimate burden to insure that the Motion was timely scheduled. When the Notice of Hearing was not issued timely (*i.e.,* within three days), it was incumbent on the Debtors' counsel to take action. A telephone call to the Clerk's Office probably would have produced the necessary corrective action. Alternatively, the Debtors might have filed an emergency motion for expedited hearing at that point.[8] Here, counsel took no action in respect of the Motion prior to the January 12, 2006 initial (and untimely) hearing. Even if this court has some equitable leeway under Section 362(c)(3), there are insufficient grounds for the court to employ that leeway here.

### III.  *CONCLUSION*

For the reasons set forth above, it is hereby **ORDERED** that the automatic stay is not extended in this case pursuant to Bankruptcy Code § 362(c)(3)(B). However, the court is aware that the foregoing may not fully resolve the automatic stay issues in this case. *Cf. In re Johnson,* 335 B.R. 805 (Bankr.W.D.Tenn.2006) (holding that Section 362(c)(3) does not apply to property of the estate). Accordingly, by order dated February 28, 2006 (Doc. I.D. No. 38) this court has scheduled a status conference in this case for March 9, 2006 to hear the views of the parties (and of the chapter 13 trustee) concerning the foregoing issue.

---

**8.**  Although it should not be necessary in the future, movants could take the extra step of filing a motion to expedite the hearing on the Section 362(c)(3)(B) motion when that motion is filed.