### In re Ann M. BEASLEY, Debtor.

### No. 4:06 BK 10014 E.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 16, 2006.

See also, 339 B.R. 474, 2006 WL 689512.

Clarence Cash, for debtor.

Joyce Babin, Chapter 13 Trustee.

### ORDER GRANTING MOTION TO IMPOSE AUTOMATIC STAY

AUDREY R. EVANS, Bankruptcy Judge.

Now before the Court is the *Debtor's Motion to Impose the Automatic Stay* ("**Motion to Impose**") filed on February 2, 2006. The Debtor filed bankruptcy under Chapter 13 on January 4, 2006. The Debtor previously filed bankruptcy under Chapter 13 on April 25, 2005. That case was dismissed on December 14, 2005. Pursuant to 11 U.S.C. § 362(c)(3)(A), if a debtor has had a pending case dismissed in the one-year period prior to filing the current case, the automatic stay terminates with respect to such debtor on the 30th day after the filing of the later case with respect to a debt or property securing such debt (unless the prior case was dismissed under 11 U.S.C. § 707(b)). Upon motion of a party in interest, the automatic stay may be extended "after notice and a hearing completed before the expiration of the 30–day period," if certain conditions are met. 11 U.S.C. § 362(c)(3)(B). The Debtor did not file such a motion, but rather filed a motion to impose an automatic stay as provided under 11 U.S.C. § 362(c)(4)(B) just two days before the automatic stay would have expired as provided in section 362(c)(3)(A).

The Debtor's Motion to Impose was accompanied by a *Notice of Opportunity to Object* giving interested parties 25 days from the date of the notice to object to the relief requested. Only the Chapter 13 trustee filed a response. The Debtor's Motion to Impose and the Trustee's response were heard on March 14, 2006. The issue presented was whether the provisions of section 362(c)(4)(B) apply to debtors who are subject to expiration of the automatic stay under section 362(c)(3)(A) (*i.e.*, those debtors with only one other case pending in the prior year), in addition to debtors subject to the provisions of section 362(c)(4)(A) (*i.e.*, those debtors with more than one case pending in the prior year). After hearing oral argument by both Debtor's counsel and counsel for the Chapter 13 Trustee, and

having studied the applicable case law, the Court ruled that it would adopt Judge Marvin Isgur's ruling in *In re Hernan Toro–Arcila,* 334 B.R. 224 (Bankr.S.D.Tex. 2005) holding that section 362(c)(4)(B) applies to cases in which the automatic stay has expired under section 362(c)(3)(A). The Court notes that a stay may be imposed under section 362(c)(4)(B) only if a motion is filed within 30 days after the filing of the later case. The Debtor's Motion to Impose was timely filed in this case.

Because the Debtor's Motion to Impose was timely filed, and no objections were filed other than the Trustee's response, the Debtor's Motion to Impose is hereby **GRANTED**.

**IT IS SO ORDERED.**