**In re Jerry and Shelly MOON, Debtors.**

No. 06–10066.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

March 28, 2006.

Richard H. Nemeth, Cleveland, OH, for Debtors.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the motion of Jerry and Shelly Moon (the "Debtors") to extend the automatic stay as to the Debtors pursuant to 11 U.S.C. § 362(c)(3)(B), and for clarification as to the effect of the automatic stay as to their property and as to property of the estate in their bankruptcy case. An objection has been filed by Countrywide Home Loans, Inc. ("Countrywide"). The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(J) and General Order No. 84 of this District. Upon an examination of the parties' respective briefs and supporting documentation, and after conducting a hearing on the matter, the following findings of fact and conclusions of law are hereby rendered:

\* \* \* \* \* \*

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 10, 2006. They had a prior Chapter 13 case which was dismissed on November 8, 2005 for failure to fund their Chapter 13 plan. This is the Debtors' third Chapter 13 filing, with a previous case being dismissed on January 27, 2004.

The Debtors allege that the failure to fund their prior Chapter 13 case was the result of a loss of employment. Subsequently, the Debtor has secured new employment, which the Debtors intend to use to fund their Chapter 13 plan in the instant case.

\* \* \* \* \* \*

Because the Debtors' prior Chapter 13 case was dismissed within a year of the filing of their current case, the Debtors fall within the scope of 11 U.S.C. § 362(c)(3). Section 362(c)(3) provides, in relevant part:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)— . . .

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and

11 U.S.C. § 362(c)(3). As set forth by § 362(c)(3)(C)(ii), the Debtors' case was presumptively filed in bad faith as to Countrywide, since Countrywide had filed a motion for stay relief that was pending at the time the prior case had been dismissed. Therefore, § 362(c)(3)(C) places the burden on the Debtors to rebut this presumption by presenting clear and convincing evidence to the contrary.

■ As set forth in § 362(c)(3)(B), the Court may extend the automatic stay only after notice and a hearing completed before the expiration of the thirty day period after the filing of the later case. If the notice and hearing are not completed within this period, the automatic stay terminates by operation of § 362(c)(3)(A).

The Debtors argue that they filed the pending motion to extend the automatic stay on the same day that their Chapter 13 petition was filed. The Debtors, however, chose a hearing date of February 16, 2006, which occurred more than thirty days after the petition filing date of January 10, 2006. The Court's calendar reflects that several Chapter 13 docket dates were available prior to the expiration of the thirty day limitation period. Further, the record does not reflect where the Debtors requested an emergency hearing in order to meet the thirty day deadline.

> The Debtors were the movants and it was their ultimate burden to insure that the Motion was timely scheduled.... Alternatively, the Debtors might have filed an emergency motion for expedited hearing at that point. Here, counsel took no action in respect of the Motion prior to the January 12, 2006 initial (and untimely) hearing. Even if this court has some equitable leeway under Section 362(c)(3), there are insufficient grounds for the court to employ that leeway here.

*In re Ziolkowski,* 2006 WL 488605, \*2 (Bankr.D.Conn.2006). Therefore, the automatic stay terminated by operation of law on the thirtieth day following the filing of the Debtors' petition.

\* \* \* \* \* \*

■ The Debtors alternatively seek a declaratory judgment regarding the scope of § 362(c)(3)(A). The Debtors argue that § 362(c)(3)(A) applies only to the automatic stay as it applies to the "debtor," and not to all "property of the estate" or "property of the debtor." Therefore, even if the motion to extend the stay is denied, the automatic stay remains in place as to the property of the estate. Countrywide responds that the statutory language should be read to limit the automatic stay against the debtor *and* the property of the debtor for thirty days, unless an extension is requested.

■ The starting point in discerning congressional intent is the language of the statute itself. *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Duncan v. Walker,* 533 U.S. 167, 172, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Where the "statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' In such cases, the intention of the drafters, rather than the strict language, controls." *Id.* at 242, 109 S.Ct. 1026 (citations omitted).

Therefore, the Court turns to the language of § 362(c)(3)(A), which provides that:

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the *debtor* on the 30th day after the filing of the later case;

11 U.S.C. § 362(c)(3)(A) (emphasis added). In defining the automatic stay, § 362(a) differentiates between property of the debtor, and the debtor itself, providing:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of. . .

(2) the enforcement, against the *debtor* or against *property of the estate,* of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of *property of the estate* or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against *property of the estate;*

(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the *debtor* that arose before the commencement of the case under this title; . . .

11 U.S.C. §§ 362(a)(2)-(6) (emphasis added). Reading the plain language of these sections together, the automatic stay,

which operates as to both the debtor and the property of the estate, is terminated by § 362(c)(3)(A) only as to the debtor thirty days after the petition date.

The statutory language of § 362(c)(3) has been closely examined as noted below: [1]

## B. SCOPE OF § 362(c)(3)

If the four conditions to application of § 362(c)(3) are present then, pursuant to § 362(c)(3)(A), "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." The drafters of § 362(c)(3)(A) have used the phrase "with respect to" four times in the same sentence. In the first three instances, the phrase is used to modify certain actions: "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . ." In the fourth instance, the phrase is used to modify the scope of the termination of the stay: "shall terminate with respect to the debtor . . . ." Had the drafters of this provision intended that the whole of the automatic stay would terminate, they could have easily just referenced § 362(a) as they did in § 362(c)(4)(A) ("the stay under subsection (a) shall not go into effect upon the filing of the later case"). Instead, they chose to reference a modified subsection (a). To give effect to the "plain meaning" of this statutory provision, the automatic stay "with respect to the debtor" should terminate while the stay with respect to "property of the estate" should remain in effect. Given the puzzling way in which § 362(c)(3)(A)

**1.** Lisa A. Napoli, *The Not–So–Automatic Stay: Legislative Changes to the Automatic Stay in a* *Case Filed By or Against an Individual Debtor,* 79 AM. BANKR. L.J. 749, 767 (2005).

is drafted, bankruptcy courts will, most likely, be asked to determine its scope. Until then, the deterrent factor of this provision remains questionable and secured creditors will need to think twice before relying on it to proceed with repossessions and foreclosure sales without first seeking relief from the automatic stay under § 362(d).

■ In contrast to the language used in § 362(c)(3)(A), § 362(c)(4)(A)(i) provides:

if a single or joint case is filed by or against a debtor who is an individual under this title, and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

11 U.S.C. § 362(c)(4)(A)(I). One bankruptcy court has noted that:

[i]f Congress wanted to terminate the stay of all the protections of the automatic stay in § 362(c)(3)(A), it could easily have used language similar to that in § 362(c)(4)(A)(i) ("the stay under subsection (a) shall not go into effect upon the filing of the later case"). Congress instead chose to describe the termination of stay quite differently.... Since Congress, in terminating aspects of the automatic stay in § 362(c)(3)(A), chose language that is so vastly different than the straightforward language it used when it terminated all protections of the stay in § 362(c)(4)(A)(i), the court concludes that § 362(c)(3)(A) is not as broad as § 362(c)(4)(A)(i) and that all of the protections of the automatic stay are not eliminated by § 362(c)(3)(A).

*In re Paschal,* 337 B.R. 274, 278–79 (Bankr.E.D.N.C.2006). "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts in-

tentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States,* 508 U.S. 200, 208, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *In re Ground Systems, Inc.,* 213 B.R. 1016, 1019 (9th Cir. BAP 1997) (citation omitted) ("The use of different language by Congress creates a presumption that it intended the terms to have different meanings.").

The Bankruptcy Court for the Western District of Tennessee reached a similar conclusion, holding that:

When read in conjunction with subsection (1), the Court finds that the plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to "debts" or "property of the debtor" and not to "property of the estate." As a result, the automatic stay continues to protect "property of the estate" as long as it remains "property of the estate."

*In re Johnson,* 335 B.R. 805, 806 (Bankr. W.D.Tenn.2006).

The Court recognizes that a plain reading of § 362(c)(3), while unambiguous, may render § 362(c)(3)(A) virtually meaningless. Even if the Court were to look beyond the plain language of the statute, however, Congress did not give the Court the benefit of any legislative history clarifying its intent on this point. The language of § 362(c)(3) has been the subject of much confusion, and has raised many issues.

As a threshold issue, the Court notes that the language in new § 362(c)(3) is very poorly written. It has been noted that the provisions of this new subsection "are, at best, particularly difficult to parse and, at worst, virtually incoherent." *In re Charles,* 332 B.R. 538, 541 (Bankr.S.D.Tex.2005). Judge Thomas Small, former chair of the Advisory Committee on Bankruptcy Rules, has stated that "[i]n an Act in which head-

scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out." *In re Paschal,* [337 B.R. 274, 276–78]No. 05–06133 5 ATS, 2006 WL 258298, at *2 (Bankr. E.D.N.C.Jan.6, 2006). This Court likewise finds the provisions of § 362(c)(3) to be neither consistent nor coherent.

*In re Baldassaro,* 338 B.R. 178, 182–83 (Bankr.D.N.H.2006).

For the foregoing reasons, the Court concludes that the language of § 362(c)(3)(A) unambiguously terminates the automatic stay only as it applies to "debts" or "property of the debtor."

\* \* \* \* \* \*

Accordingly, the Debtors' motion to extend the automatic stay is hereby denied. The Debtors' motion for a declaratory judgment that the automatic stay remains in place as to the property of the Debtors is hereby granted as determined herein. Countrywide's objection is hereby sustained, in part, and is overruled, in part, as determined herein. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

In Cleveland, in said District, on this 28th day of March, 2006.

A Memorandum Of Opinion And Order having been rendered by this Court in this matter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtors' motion to extend the automatic stay is hereby denied. The Debtors' motion for a declaratory judgment that the automatic stay remains in place as to the property of the Debtors is hereby granted. Countrywide's objection is hereby sus-

tained, in part, and is overruled, in part. Each party is to bear its respective costs.

IT IS SO ORDERED.