**CAPITAL ONE AUTO FINANCE, Appellant,**

v.

**Eddy R. COWLEY and Gloria Cowley, Appellees.**

**No. EP–06–CA–239–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Dec. 28, 2006.

---

Robert R. Feuille, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., El Paso, TX, for Appellant.

Cheryl Sellers Lay, Leslie & Smith, El Paso, TX, for Appellees.

***ORDER VACATING THE MAY 1, 2006 INTERIM ORDER AND THE MAY 17, 2006 FINAL ORDER OF THE UNITED STATES BANKRUPTCY COURT AND REMANDING CAUSE TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS***

MARTINEZ, District Judge.

On this day, the Court considered Capital One Auto Finance's ("Capital One")

appeal from the May 1, 2006 Interim Order and the May 17, 2006 Order of the United States Bankruptcy Court for the Western District of Texas ("Bankruptcy Court"), granting Eddy R. Cowley and Gloria Cowley's ("the Cowleys") Motion for an Extension of the Automatic Stay. After considering Capital One's brief, the Cowleys' brief, Capital One's reply brief, and the record on appeal, the Court is of the opinion that the orders of the Bankruptcy Court should be vacated and the cause remanded for the reasons set forth below.

## I. Procedural & Factual History

The Cowleys borrowed money from Capital One to purchase a 2002 Chevrolet Silverado "Dually" pickup truck, securing the loan with the truck. Capital One's Br. 9; Cowleys' Br. 2. Gloria Cowley filed a Chapter 13 bankruptcy case in the El Paso Division of the Western District of Texas on September 21, 2005. Capital One's Br. 9; Cowleys' Br. 2. The case was dismissed on February 15, 2006 because Gloria Cowley failed to make the payments under her plan. Capital One's Br. 9; Cowleys' Br. 2. On April 7, 2006, the Cowleys filed a Chapter 13 bankruptcy case in the same court. Capital One's Br. 9; Cowleys' Br. 2. The instant appeal emanates from the second case, filed April 7, 2006. Capital One's Br. 9; Cowleys' Br. 2–3. The parties agree that the provisions of 11 U.S.C. § 362(c)(3), which govern the automatic stay in cases filed by individuals who have had one bankruptcy case dismissed during the year preceding the filing of the later case [hereinafter "single-repeat filers"], apply to Gloria Cowley. Capital One's Br. 14; Cowleys' Br. 5. Section 362(c)(3)(B) states that for single-repeat filers, in order for the automatic stay not to terminate pursuant to § 362(c)(3)(A), notice must be provided of a motion to continue the stay, and the hearing on the motion must be "completed before the expiration of the thirty-day period." 11 U.S.C. § 362(c)(3)(B). The thirty-day period begins with the filing of the later case. *Id.* § 362(c)(3)(A).

On April 28, 2006, the Cowleys filed a motion for an extension of the automatic stay, twenty-one days after the filing of the later case, and nine days before the stay would terminate pursuant to § 362(c)(3)(A). Capital One's Br. 9; Cowleys' Br. 2–3. Counsel for the Cowleys blames the delayed filing on her own surgery and ensuing complications. Cowleys' Br. 3. The Cowleys moved the Bankruptcy Court to sign an interim order, extending the stay until the hearing, and requested an expedited hearing. Capital One's Br. 10; Cowleys' Br. 3. On May 1, 2006, the Bankruptcy Court issued an "Interim Order Extending Automatic Stay and Setting Final Hearing," in which it granted an extension of the automatic stay as to all creditors until the final hearing, set for May 16, 2006. Capital One's Br. 10; Cowleys' Br. 3. The Bankruptcy Court did not hold a hearing prior to the issuance of its interim order. Capital One's Br. 10; *see* R. Tab 1, Bkrtcy. Ct. Dock. Entries 14–16; R. Tab 8, Int. Ord. Ext. Auto. Stay.

On May 16, 2006, the Bankruptcy Court conducted a hearing on the Cowleys' motion for an extension of the automatic stay, eight days after the expiration of the thirty-day period. Capital One's Br. 11; Cowleys' Br. 3. At the hearing, the Bankruptcy Court granted the Cowleys' motion for an extension of the automatic stay. Capital One's Br. 11; Cowleys' Br. 4.

## II. Issues Appealed

Capital One appeals the following nine issues:

1. Did the Bankruptcy Court err in granting the Debtors' Motion for Extension of the Automatic Stay Pursuant to Section 362(c)(3)(B)?

2. Did the Bankruptcy Court err in granting the Debtors' Motion for

Extension of the Automatic Stay Pursuant to Section 362(c)(3)(B) after the expiration of the thirty-day deadline specified in 11 U.S.C. § 362(c)(3)(A) and (B)?

3. Did the Bankruptcy Court err in granting the Debtors' Motion for Extension of the Automatic Stay Pursuant to Section 362(c)(3)(B) where the Debtors admitted that 11 U.S.C. § 362(c)(3) applied (i.e., that a single or joint case was filed by a debtor who is an individual in a case under chapter 13 of the Bankruptcy Code, where a single or joint case of the same debtor was pending within the preceding one-(1)-year period but was dismissed)?

4. Did the Bankruptcy Court err in granting the Debtors' Motion for Extension of the Automatic Stay Pursuant to Section 362(c)(3)(B) after the expiration of the thirty-day period specified in 11 U.S.C. § 362(c)(3)(A) and (B), where the Debtors admitted that 11 U.S.C. § 362(c)(3) applied (i.e., that a single or joint case was filed by a debtor who is an individual in a case under chapter 13 of the Bankruptcy Code, where a single or joint case of the same debtor was pending within the preceding one-(1)-year period but was dismissed)?

5. Did the Bankruptcy Court err in finding or concluding that, pursuant to 11 U.S.C. § 362(c)(2)(B), the Court may grant the motion of a party in interest for continuation or extension of the automatic stay after the expiration of the thirty-day period specified in 11 U.S.C. § 362(c)(3)(A), notwithstanding the express statutory requirement to the contrary?

6. Did the Bankruptcy Court err in finding or concluding that, pursuant to 11 U.S.C. § 362(c)(2)(B), the Court may complete a hearing on the motion of a party in interest for continuation of the automatic stay after the expiration of the thirty-day period specified in 11 U.S.C. § 362(c)(3)(A), notwithstanding the express statutory requirement to the contrary?

7. Did the Bankruptcy Court err in finding or concluding that the automatic stay of 11 U.S.C. § 362(a) would continue in effect with respect to property of the estate?

8. Did the Bankruptcy Court err in finding or concluding that the automatic stay of 11 U.S.C. § 362(a) would continue in effect with respect to property of the estate, despite the provisions of 11 U.S.C. § 362(c)(3)(A) which cause the stay to terminate within thirty days of the bankruptcy petition date "with respect to any action taken with respect to a debt or property securing such debt"?

9. Did the Bankruptcy Court err in finding or concluding that the creditor, Capital One, would be required to file an affirmative request for relief from the automatic stay under 11 U.S.C. § 362(d) in order to take action with respect to a debt or property securing such debt, or with respect to property of the estate, after expiration of the thirty-day period specified in 11 U.S.C. § 362(c)(3)(A) and (B), whether or not a party in interest obtained an extension of the automatic stay in accordance with the conditions imposed by 11 U.S.C. § 362(c)(3)(B)?

Capital One's Br. 2–3.

### III. Legal Standard

▮ A district court reviews a bankruptcy court's findings of fact for clear

error and its conclusions of law *de novo*.[1] *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir.2004). A district court will only reverse for clear error if, after reviewing the entire record, the court is convinced that a mistake has been made. *Id.* However, a finding of fact based on an erroneous or improperly applied legal standard is reviewed *de novo*. *Id.*

## IV. Discussion

Capital One's nine issues on appeal can be summed up in three questions: (1) Could the Bankruptcy Court issue the interim order extending the automatic stay? (2) Could the Bankruptcy Court issue the final order granting the Cowleys' motion to extend the automatic stay, when the hearing on the motion was not held within thirty days after the filing of the Cowleys' bankruptcy petition? (3) Did the Bankruptcy Court correctly conclude that the stay, if it had terminated, would have terminated only as to the property of the debtors?

### A. Final Order Extending Stay

#### 1. 11 U.S.C. § 105

■ When a party seeks to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), the law requires that the bankruptcy court hold a hearing within thirty days after the filing of the petition at issue. 11 U.S.C. § 362(c)(3)(B); *In re Jumpp*, 344 B.R. 21, 27 (Bankr.D.Mass. 2006); *In re Berry*, 340 B.R. 636, 637 (Bankr.M.D.Ala.2006); *In re Wilson*, 336 B.R. 338 (Bankr.E.D.Tenn.2005). The Cowleys agree that the statute requires a hearing within an initial thirty-day period, but argue that the Bankruptcy Court ex-

tended the stay pursuant to the powers granted it by 11 U.S.C. § 105 ("§ 105"). Cowleys' Br. 5. Section 105 states, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). There was no mention of § 105 in either the hearing on the Cowleys' motion for an extension of the automatic stay or in the order granting the extension. R. Tab 20, Tr.; R. Tab 16, Ord. on Debtors' Mot. for Ext. of Stay. The Bankruptcy Court, in extending the stay, stated: "When we have to rule in thirty days and people wait virtually the entire time and then file the petition, because we have been using—it's my belief that I'm allowed to do this. I guess if someone appeals, we'll find out one day." R. Tab 20, Tr. 5, lines 12–16. It is not clear from the record whether the Bankruptcy Court believed § 105 to be the source of its authority to extend the stay when the hearing was completed outside the thirty-day period.

The Court notes that there is a split among bankruptcy courts as to whether § 105 permits bankruptcy courts to extend an automatic stay for single-repeat filers outside of the thirty-day period prescribed by Congress in 11 U.S.C. § 362(c)(3)(B). *Compare, e.g., In re Jumpp*, 344 B.R. at 27 ("[T]he Court cannot use its general equitable powers under § 105(a) to impose a stay Congress has declared must terminate if the requirements of § 362(c)(3) are not met."), *and In re Berry*, 340 B.R. at 637 ("There is nothing in the language of § 362(c) which suggests that the Court may impose a stay once the thirty-day period has expired.... If the Court were

---

1. This standard is also provided in Bankruptcy Rule 8013:

   On appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Find-

   ings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

to consider motions such as the Debtor's instant motion [to extend the stay, filed sixty-four days after the filing of the later petition], the elaborate scheme provided by Congress in [the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005] would be undermined."), *with In re Whitaker*, 341 B.R. 336, 346 (Bankr. S.D.Ga.2006) ("My only authority for reinstating the stay [once it has lapsed under § 362(c)(3)(A)] is to use the equitable powers conferred by § 105(a).").

However, even the bankruptcy court that concluded that a court could use its § 105 powers to extend the stay outside the thirty-day period in the context of § 362(c)(3) "appli[ed] the traditional test for injunctive relief." *In re Whitaker*, 341 B.R. at 348. The *Whitaker* Court stated: "I do not employ § 105 lightly, but only to 'prevent an abuse of process,' that is impermissibly severe," *id.* at 338, and considered a variety of factors in its determination to reinstate the stay, *id.* at 347–48. Some bankruptcy courts have considered the possibility that situations may exist in which a court should grant an extension of the stay outside of the thirty-day period under § 362(c)(3), but declined to do so on the facts presented. *See In re Ziolkowski*, 338 B.R. 543, 545–46 (Bankr.D.Conn.2006) ("Even if this court has some equitable leeway under Section 362(c)(3), there are insufficient grounds for the court to employ that leeway here."), *quoted in In re Moon*, 339 B.R. 668, 670 (Bankr.N.D.Ohio 2006).

"[T]he legislative history of § 105 makes clear that stays under that section are granted only under the usual rules for the issuance of an injunction." *In re Commonwealth Oil Ref. Co.*, 805 F.2d 1175, 1188 (5th Cir.1986) (internal quotation omitted).

The four prerequisites to the issuance of a preliminary injunction are: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and (4) that the granting of the injunction will not disserve the public interest.

*Id.* at 1189. Significantly, the Bankruptcy Court did not make any findings during the hearing or in its final order as to why the injunctive powers of § 105 should be invoked to extend the stay. R. Tab 20, Tr.; R. Tab 16, Ord. on Debtors' Mot. for Ext. of Stay; *see Prudential Ins. Co. of Am. v. Ryan Pl. Joint Venture*, 93 B.R. 471, 474 (N.D.Tex.1988) ("This Court finds that the Bankruptcy Court was acting under Section 362, not Section 105. The Bankruptcy Court did not purport to be acting within its Section 105 authority and it made no findings necessary to continue the injunctive effect of the stay under Section 105."). The Bankruptcy Court stated only its belief that it could extend the stay, without stating why it should extend it in the instant case. R. Tab 20, Tr. 5, lines 12–16. Assuming without deciding that a bankruptcy court may extend or reimpose the stay pursuant to § 105 outside of the thirty-day window in a case filed by a single-repeat filer, because the Bankruptcy Court did not make any findings as to why the stay should be extended, the Court finds that the Bankruptcy Court abused its discretion in its final order extending the stay in the instant case.

█ The Court declines to determine the general question of whether a bankruptcy court may use its § 105 power to extend the automatic stay once it has terminated pursuant to § 362(c)(3)(B), due to the paucity of the record.[2] The issue was

2. In support of the argument that a bankruptcy court may use its § 105 powers to extend

the automatic stay, the Court notes the Fifth

not argued by the parties before the Bankruptcy Court, nor did the Bankruptcy Court explicitly rely on § 105. *See In re Gilchrist*, 891 F.2d 559, 561 (5th Cir.1990) (holding that district court was correct in refusing "to consider an argument that was not raised at the appropriate stage in the proceeding"). The Court does not imply that the power of the Bankruptcy Court to extend the stay pursuant to § 105 depends upon an express statement by the Bankruptcy Court that it is relying on § 105. However, the absence of any such statement here, coupled with the absence of any findings by the Bankruptcy Court as to why it should issue an injunction pursuant to § 105 to extend the stay outside of the thirty-day period, renders the instant appeal an inappropriate vehicle for the Court to rule on the relationship of § 105 and § 362(c)(3). *See In re Quenzer*, 19 F.3d 163, 165 (5th Cir.1993) ("Typically, we will not consider on appeal matters not presented to the trial court.... This principle applies with even more force when we address questions of the proper exercise of the equitable powers of the court, either inherent or statutorily granted.").

### 2. 11 U.S.C. § 362(c)(4)

█ Alternatively, the Bankruptcy Court may have extended the stay pursuant to its and other courts' interpretation of the statute in question. 11 U.S.C. § 362(c)(4)(A) provides that if a debtor files a bankruptcy petition, and has had two cases pending and dismissed within the previous year [hereinafter "multiple-repeat filers"], the automatic stay does not go into effect upon the filing of the later petition. 11 U.S.C. § 362(c)(4)(A). The next subsection, § 362(c)(4)(B), states that "if, within thirty days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case ... after notice and a hearing." *Id.* § 362(c)(4)(B). In order for the stay to take effect, the hearing need not be completed within the thirty-day window; it is only necessary that the party in interest file a motion within thirty days. *Id.; see In re Norman*, 346 B.R. 181, 183 (Bankr. N.D.W.Va.2006) ("When § 362(c)(4) applies to a case, no automatic stay is in effect until one is imposed by the court— the hearing on which is not constricted to a rigid time-period so long as the debtor files the motion before the expiration of the thirty-day period.").

Because the Cowleys' motion to extend the stay was filed within the thirty-day window, it is possible that the Bankruptcy Court was not relying on § 105, but believed, as other courts have concluded, that the provisions of § 362(c)(4) apply not just to multiple-repeat filers, but to single-repeat filers as well. *See In re Beasley*, 339 B.R. 472, 474 (Bankr.E.D.Ark.2006); *In re Toro–Arcila*, 334 B.R. 224, 229 (Bankr.

Circuit holding that a bankruptcy court may use its § 105 power to enjoin creditors after a stay has lapsed pursuant to § 362(e), which provides that once a party files a request for relief from the stay, the stay will terminate thirty days from the filing of the request unless, after notice and a hearing, the court orders the stay to remain in effect. *In re River Hills Apartments Fund*, 813 F.2d 702, 707 (5th Cir.1987) ("The debtor is not without a remedy if the stay terminates, because the court retains, at the least, authority under 11 U.S.C. § 105(a) and Fed. Bankr.Rule 7065 to enjoin action against the debtor's property.").

However, it is also true that "when a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code." *In re Fesco Plastics Corp.*, 996 F.2d 152, 154 (7th Cir.1993), *quoted in In re Cajun Elec. Power Coop., Inc.*, 185 F.3d 446, 453 n. 9 (5th Cir. 1999). Without full briefing before and a decision by the Bankruptcy Court on the issue as to whether the § 105 injunctive power should be used to extend the stay for single-repeat filers who fail to comply with the statutory requirements, the Court declines to decide the question.

S.D.Tex.2005). The reasoning of those courts has been criticized by other bankruptcy courts. *See In re Norman,* 346 B.R. at 184 (disagreeing with the *Toro–Arcila* Court and finding that "a hearing on the motion to extend the automatic stay pursuant to § 362(c)(3)(B) must be held in compliance with the provision of that subsection and not those of § 362(c)(4)(B)"); *In re Whitaker,* 341 B.R. at 344 ("I find the arguments supporting this holding [that § 362(c)(4) applies to single-repeat filers] unpersuasive."). The applicability of § 362(c)(4) was not advanced by the Cowleys in either their original motion requesting an extension or in the instant appeal. *See* Cowleys' Br. 6 (citing *Toro–Arcila* only for the proposition that the thirty-day window for a hearing on the automatic stay does not apply to multiple-repeat filers). However, because the Bankruptcy Court did not elucidate its reasoning for granting the Cowleys' motion for consideration of the stay, the Court will consider the possibility that the Bankruptcy Court acted pursuant to its understanding of 11 U.S.C. § 362(c)(4).[3]

The *Toro–Arcila* Court, in holding that certain provisions of 11 U.S.C. § 362(c)(4) applied to multiple-repeat filers, based its conclusion on its reading of § 362(c)(4)(D), which describes four occurrences "for purposes of subparagraph (B)" that would create a presumption that the later case was not filed in good faith. 11 U.S.C. § 362(c)(4)(D); *In re Toro–Arcila,* 334 B.R. at 228. A party seeking the issuance of a stay must overcome such a presumption in order for a bankruptcy court to order the stay into effect. 11 U.S.C. § 362(c)(4)(B). One of those occurrences is "if (I) two or more previous cases under this title in which the individual was a debtor were pending within the one-year period." *Id.* § 362(c)(4)(D)(i). The *Toro–Arcila* Court reasoned that if the subsection describing the four occurrences giving rise to a presumption of bad faith applied only to multiple-repeat filers, because the foregoing provision would apply to all multiple-repeat filers, the remaining three provisions were "surplusage" and unnecessary. *In re Toro–Arcila,* 334 B.R. at 227. To avoid a reading of the statute in which the words chosen by Congress were considered surplusage, the *Toro–Arcila* Court concluded that § 362(c)(4)(B) applied to both single-repeat filers and multiple repeat filers. *Id.* at 228–29. The Court, however, finds the *Whitaker* Court's explanation of § 362(c)(4)(D) persuasive: "the disjunctive factors listed in § 362(c)(4)(D) place consecutive burdens on the multiple repeat filer to establish good faith." *In re Whitaker,* 341 B.R. at 344.

Furthermore, the Court finds that the holding of the *Toro–Arcila* Court does not comport with the overall statutory scheme of § 362(c), which delineates the termination of the automatic stay. Subsection 3 of § 362(c) begins: "if a single or joint case is filed by or against a debtor [who is a single-repeat filer] . . .—" and continues: "(A) the stay under subsection (a) . . . shall terminate . . . on the thirtieth day after the filing of the later case; (B) . . . the court may extend the stay in particular cases . . . after notice and a hearing completed before the expiration of the thirty-day period. . . ." 11 U.S.C. § 362(c)(3). The foregoing subsections of the statute,

---

**3.** This question of statutory interpretation is directly before the Court, unlike the broader question of the relationship of § 105 and § 362(c)(3). The Court must engage in statutory construction to determine the question presented: whether the Bankruptcy Court erred in extending the automatic stay outside of the thirty-day period in § 362(c)(3). Although the particular explanation that § 362(c)(4) applies to single-repeat filers was not raised by the parties, resolution of the issue is necessary to resolve the instant appeal.

setting out the termination of the stay on the thirtieth day and the requirements for an extension, all fall under the introductory clause "if a single or joint case is filed by a debtor [who is a single-repeat filer]. . . ." *Id.*

On the other hand, the part of the statute under which a court "may order the stay to *take effect*" as long as the party in interest files a request within thirty days after the filing of the later case, *id.* § 362(c)(4)(B) (emphasis added), appears in the subsection that begins: "if a single or joint case is filed by or against a debtor [who is a multiple-repeat filer] . . . ," *id.* § 362(c)(4)(A). The *Toro–Arcila Court* "recognize[d] that [its] interpretation . . . creates a statutory structure where certain provisions of § 362(c)(4) apply to §§ 362(c)(3) and (4)." *In re Toro–Arcila,* 334 B.R. at 229. The Court believes this problem to be significant, and finds that Congress's use of the words "take effect" in § 362(c)(4)(B) are a strong indication that § 362(c)(4)(B) only applies to multiple-repeat filers for whom the automatic stay did not go into effect upon the initial filing of the later case. Additionally, the Toro–Arcila Court's holding renders the requirement in § 362(c)(3)(B) of "notice and a hearing completed before the expiration of the thirty-day period" almost meaningless, as a party who failed to ensure that the hearing was completed within the thirty-day window could petition a court to reimpose the stay outside of the thirty-day period. For the foregoing reasons, the Court concludes that the provisions of § 362(c)(4) apply only to multiple-repeat filers.

In sum, the Court finds that § 362(c)(3)(B) requires a hearing to be held within thirty days of the filing of the later petition by a single-repeat filer in order for a bankruptcy court to extend the automatic stay past the thirty-day period. The Court further concludes that the pro-visions of § 362(c)(4), which allow a hearing on a stay to be held outside of the thirty-day window, apply only to multiple-repeat filers. The Court finally concludes that, assuming a bankruptcy court may under the appropriate circumstances use its § 105 power to extend the automatic stay for single-repeat filers outside of the thirty-day period, the Bankruptcy Court did not make the requisite findings for the issuance of an injunction in the instant case. Therefore, the Bankruptcy Court's final order extending the automatic stay should be vacated and remanded for proceedings consistent with this opinion.

### B. Interim Order Extending the Automatic Stay

Section 362(c)(3) does not provide for the possibility of an interim order extending the stay before a hearing is completed. The analysis of the Bankruptcy Court's § 105 authority in the foregoing section is equally applicable to the Bankruptcy Court's May 1, 2006 interim order. In the May 1, 2006 interim order, the Bankruptcy Court did find that the stay should be extended "based on the facts alleged in the Motion to Extend." R. Tab 8, Int. Ord. Ext. Auto. Stay 2. However, the Bankruptcy Court did not find that the Cowleys had prevailed in each of the four prerequisites for an injunction, *id.* at 1–2, nor did the Cowleys address the four prerequisites in their request for an interim order extending the stay until the hearing. R. Tab 6, Cowleys' Mot. for Ext. of Auto. Stay. Therefore, the Court concludes that the Bankruptcy Court acted outside of its authority in its interim order extending the stay.

### C. Scope of Automatic Stay

Issues seven, eight, and nine all concern the Bankruptcy Court's determination that should the automatic stay ter-

minate pursuant to 11 U.S.C. § 362(c)(3)(B), it would only terminate as to the property of the debtor, and would continue with respect to property of the estate. Capital One's Br. 9. After review of the record, the Court finds that these issues are not properly before the Court on appeal, as the Bankruptcy Court did not actually rule on the scope of the automatic stay. "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees ... of bankruptcy judges." 28 U.S.C. § 158(a). Capital One is appealing two orders of the Bankruptcy Court *extending* the automatic stay; neither order contains any language as to the effect of a *termination* of the stay pursuant to 11 U.S.C. § 362(c)(3)(B). R. Tab 8, Int. Ord. Ext. Auto. Stay; R. Tab 16, Ord. on Debtors' Mot. for Ext. of Stay.

The transcript of the hearing on the Cowleys' motion for an extension of the automatic stay indicates that, because the Bankruptcy Court granted the motion for an extension of the stay, the Bankruptcy Court did not actually rule on the issue of the scope of the stay. R. Tab 20, Tr. 10, lines 9–11 (Bankruptcy Court: "I don't think I can actually rule on the scope [of the automatic stay] unless and until somebody violates it."). The Bankruptcy Court did state: "If I had to choose here, I think I'm going to follow those other five cases" holding that the stay did not terminate as to property of the estate. *Id.*, Tr. 9, lines 16–17. However, the Bankruptcy Court did not rule on the issue, as it did not have to decide due to its extension of the stay. *See* R. Tab 16, Ord. on Debtors' Mot. for Ext. of Stay (extending the stay without discussing scope of termination under 11 U.S.C. § 362(c)(3)(A)); R. Tab 20, Tr. 10, lines 22–23 (Bankruptcy Court: "[I]f my

only option is to grant or deny [the debtors' motion for an extension of the stay], then I'm ready to rule."). Furthermore, the issue of the effect of a termination of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(A) was not fully briefed before the Bankruptcy Court.[4] R. Tab 20, Tr. 10, lines 13–15 (Capital One's attorney: "Well, certainly the issues and arguments regarding the scope were not advanced in the motion, Your Honor. And I'm not prepared to address those today."). Because the Bankruptcy Court did not issue a ruling as to the scope of the automatic stay, the Court declines to rule on issues seven, eight, and nine, as presented by Capital One.

## V. CONCLUSION

In conclusion, the Court finds that § 362(c)(3) requires notice and a hearing to be completed within thirty days of a filing of a petition by a single-repeat filer. Assuming without deciding that a bankruptcy court may extend or reinstate the stay pursuant to its § 105 powers despite the lack of a hearing completed within the thirty-day period prescribed by Congress, the Court further finds that the Bankruptcy Court did not make the proper findings necessary for the issuance of an injunction in the instant case. Therefore, the Court is of the opinion that the interim order and the final order of the Bankruptcy Court, extending the stay in the above-captioned cause, should be vacated, and the case remanded for proceedings consistent with this opinion. Because the Bankruptcy Court did not rule that the automatic stay should terminate pursuant to § 362(c)(3)(A), the scope of the termination clause in § 362(c)(3)(A) is not properly before the Court in this appeal.

---

**4.** The Court's belief that the Bankruptcy Court should have the opportunity to consider the arguments presented by Capital One should not be construed as any statement on the merits of Capital One's arguments.

Accordingly, **IT IS ORDERED** that Appellant Capital One Auto Finance's Appeal from the Bankruptcy Court's May 1, 2006 Interim Order and May 17, 2006 Final Order Extending the Automatic Stay is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that the May 1, 2006 Interim Order and May 17, 2006 Final Order of the United States Bankruptcy Court for the Western District of Texas are **VACATED**.

**IT IF FURTHER ORDERED** that the above-captioned cause is REMANDED to the United States Bankruptcy Court for the Western District of Texas for proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that any and all remaining pending motions are hereby **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall close this matter.