**In re Laura McFarland PASCHAL, Debtor.**

**No. 05–06133 5 ATS.**

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Jan. 6, 2006.

modification, the Court confirmed the Debt- ors' chapter 13 plan.

John F. Logan, Raleigh, NC, Chapter 13 Trustee.

John T. Orcutt, Raleigh, NC, for Debtor.

## ORDER INTERPRETING 11 U.S.C. § 362(c)(3)(A) AND ORDER EXTENDING AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B)

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the Motion for Declaratory Judgment and, in the Alternative, for the Continuance of the Automatic Stay filed by the chapter 13 debtor, Laura McFarland Paschal. The debtor requests that the court determine the meaning of 11 U.S.C. § 362(c)(3)(A) and, if the court determines that the stay will terminate under that section, that the

court extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).

All creditors and the chapter 13 trustee were served with the motion, no response was filed, and a hearing was held in Raleigh, North Carolina on January 3, 2006.

Laura McFarland Paschal filed a petition for relief under chapter 13 of the Bankruptcy Code on December 8, 2005. This is the debtor's second chapter 13 case, and her prior case (Case No. 04–02457–5–ATS) was dismissed on November 10, 2005. Because Ms. Paschal's previous chapter 13 case was pending and was dismissed within the one-year period before she commenced her present case, § 362(c)(3)(A) may apply, and the automatic stay under § 362(a) may, to some extent, terminate on the thirtieth day after her petition was filed. The first issue before the court is to what extent does § 362(c)(3)(A) terminate the stay?

Section 362(c)(3), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, § 302 ("BAPCPA"), provides

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—

\*      \*      \*      \*      \*      \*

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i) as to all creditors, if—

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court, or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the

dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

> (aa) if a case under chapter 7, with a discharge; or

> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

11 U.S.C. § 362(c)(3).

In an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out. It uses the amorphous phrase "with respect to" a total of four times in short order and raises questions about the meaning of the words "action taken," and "to the debtor." The language of the statute is susceptible to conflicting interpretations, and if read literally, would apply to virtually no cases at all. In sum, it's a puzzler.

▮▮ The court's analysis begins with the language of statute. "It is an axiom of statutory interpretation that the plain meaning of an unambiguous statute governs, barring exceptional circumstances." *Wachovia Bank, N.A. v. Schmidt*, 388 F.3d 414, 416 (4th Cir.2004). Section 362(c)(3)(A), however, is far from being unambiguous.[1] The Fourth Circuit recently emphasized in *In re Coleman*, 426 F.3d 719 (4th Cir.2005), that "[i]n analyzing statutory language, [courts] must first 'de-termine whether the language at issue has a plain and unambiguous meaning.'" *Coleman*, 426 F.3d at 725 (4th Cir.2005), *quoting Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997). That analysis is "guided 'by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Coleman*, 426 F.3d at 725, *quoting Shell Oil*, 519 U.S. at 341, 117 S.Ct. at 846.

Read literally, § 362(c)(3) applies only under a very narrow set of facts. It says, in relevant part,

> if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed . . . .

Parsing this language, the court first notes that a "case" is not filed: A petition is filed, after which a case is opened. Next, the statute directs that the case must be filed by "[a] debtor who *is* an individual in a case . . . ." For a debtor to be an individual in a case in the present tense, a case must still be pending. Thus, this section literally applies only to a debtor who has a chapter 7, 11, or 13 case open when a new petition is filed by or against that individual. Finally, a single or joint case of the debtor had to be "pending within the preceding 1–year period but was dismissed." Taken all together, the section only applies to individuals who have had three cases pending in one calendar year: one case that has been dismissed, one case that is still pending when the petition at issue is filed, and the new case that is before the court for determination.[2]

---

1. *See In re Collins,* 334 B.R. 655 (Bankr. D.Minn.2005) n. 8 (statute "leaves large un-certainties as to just which creditors are freed of court restraint after the 30–day period").

2. Section 362(c)(4)(A)(i) uses the same lan-

■ Although this court has already had two cases after the effective date of BAPCPA in which debtors filed petitions while their prior cases were still pending, in neither case was *another* prior case dismissed within the preceding one-year period. Such a circumstance is not likely to occur, and a literal reading of the statute would render the statute meaningless, and undoubtedly be contrary to what Congress intended. The "plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' In such cases, the intention of the drafters, rather than the strict language, controls." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (internal citation omitted).

■ Although arguably contrary to the statute's literal language, the court considers the statute to apply in a situation, such as is presently before the court, in which a debtor files a petition after the dismissal of a prior case that was pending within the preceding one-year period. Otherwise § 362(c)(3)(A) would in effect have no meaning.

■ The debtor concedes that § 362(c)(3)(A) does terminate the automatic stay to some extent, but maintains that its application should be narrowly construed. Specifically, the debtor argues that the stay only terminates with respect to "actions taken" by creditors prior to bankruptcy. According to Ms. Paschal, there were no "actions taken" against her by any creditor prior to her current bankruptcy case, and, consequently, no protec-

tion provided by the automatic stay should be terminated by § 362(c)(3)(A).

The available legislative history, however, suggests that Congress intended that § 362(c)(3)(A) terminate *all* of the protections of the automatic stay. The report of the House Judiciary Committee states that the BAPCPA "amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period." E–2 *Collier on Bankruptcy* App. Pt. 10(b) at App. Pt. 10–333 (15th ed. Rev.2005) (quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)).

■ When a statute is ambiguous, as is § 362(c)(3)(A), legislative history is helpful and may be considered. However, it is not controlling, especially in circumstances where the language of the statute, although ambiguous, contradicts the intention expressed in the legislative history.

If Congress intended for § 362(c)(3)(A) to terminate all provisions of the automatic stay it could have clearly said so, as it did in § 362(c)(4)(A)(i). Section § 362(c)(4)(A)(i) provides

if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]

guage, except that it includes a debtor who is an individual under title 11, as opposed to the limitation to chapters 7, 11 or 13 in § 362(c)(3). Arguably, that section only ap-

plies if a debtor has had two cases dismissed within the prior year, a third case is pending, and a new case is filed.

If Congress wanted to terminate the stay of all the protections of the automatic stay in § 362(c)(3)(A), it could easily have used language similar to that in § 362(c)(4)(A)(i) ("the stay under subsection (a) shall not go into effect upon the filing of the later case"). Congress instead chose to describe the termination of stay quite differently.

■ The Court of Appeals for the Fourth Circuit recently observed that the use of a particular phrase in one statute but not in another "merely highlights the fact that Congress knew how to include such a limitation when it wanted to." *Coleman*, 426 F.3d at 725. The *Coleman* court also quoted the Supreme Court's clear directive on this topic: "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (internal quotation marks and alterations omitted), *quoted in Coleman*, 426 F.3d at 725–6. Since Congress, in terminating aspects of the automatic stay in § 362(c)(3)(A), chose language that is so vastly different than the straightforward language it used when it terminated all protections of the stay in § 362(c)(4)(A)(i), the court concludes that § 362(c)(3)(A) is not as broad as § 362(c)(4)(A)(i) and that all of the protections of the automatic stay are not eliminated by § 362(c)(3)(A).

The language of § 362(c)(3)(A) is also significantly different than that used in § 362(c)(1) and § 362(c)(2). Sections 362(c)(1) and 362(c)(2) provide

[e]xcept as provided in subsections (d), (e), (f), and (h) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such prop-

erty is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied[.]

■ Both § 362(c)(1) and § 362(c)(2) contain the term "act" which is quite different that the term "action taken" that Congress used in § 362(c)(3)(A). "It is a principle of statutory interpretation that different words used in the same statute should be assigned different meanings whenever possible." *Schmidt*, 388 F.3d at 418–19. Further, the "use of different terms within related statutes generally implies that different meanings were intended." *Schmidt*, 388 F.3d at 419 (quoting *Cunningham v. Scibana*, 259 F.3d 303, 308 (4th Cir.2001) (quoting 2A Norman J. Singer, *Sutherland's Statutes and Statutory Construction* § 46.06, at 194 (6th ed.2000))). The term "act" and the term "action taken" are not synonymous, and the difference is significant.

The term "act" is much broader than the term "action taken." The term "act" is used in several subsections of the automatic stay; specifically, the term "act" appears in § 362(a)(3) ("any *act* to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"), § 362(a)(4) ("any *act* to create, perfect, or enforce any lien against property of the estate"), § 362(a)(5) ("any *act* to create, perfect, or enforce against property of the debtor any lien to the extent that such lien

secures a claim that arose before the commencement of the case under this title"), and § 362(a)(6) ("any *act* to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title").

The term "action" also appears in a subsection of the automatic stay. Section 362(a)(1) provides that the stay operates to prohibit

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other *action* or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

As used in § 362(a)(1) the term "action" contemplates a formal judicial, administrative or similar undertaking. The use of the term "action" in § 362(b) also connotes formal activity. The term "action" appears in § 362(b)(1) ("commencement or continuation of a criminal *action* or proceeding"); § 362(b)(2)(A) ("commencement or continuation of a civil *action* or proceeding"); § 362(b)(4) ("*action* or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction"); § 362(b)(8) (*action* to foreclose by Secretary of Housing and Urban Development); § 362(b)(14) ("*action* by an accrediting agency"); § 362(b)(15) ("*action* by a State licensing body"); § 362(b)(16) (*action* by a guaranty agency defined by Higher Education Act of 1965); and § 362(b)(22) (continuation of eviction *action*); and

§ 362(b)(25)(A) and (B) (*action* by securities self regulatory organization). "Action" also appears in § 362(c)(3)(C)(ii), referring to commencing an *action* under subsection § 362(d), a formal motion for relief from the automatic stay.

Based on the usage of the term "action" in § 362(a)(1), §§ 362(b)(1), (2)(A), (4), (8), (14), (15), (16), (22), and (25)(A) and (B), and § 362(c)(3)(C)(ii), the court concludes that the term "action" means a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding.[3] Furthermore, the action with respect to which the stay terminates is an "action taken," which means an action in the past, prior to the filing of the debtor's bankruptcy petition.

It can be argued that the term "action" means "acts," that § 362(c)(3)(A) terminates the stay with respect to all "acts," and that any other interpretation would render superfluous § 362(c)(3)(B), which allows a party in interest to move to continue the stay as to "any and all creditors," and § 362(c)(3)(C)(i), which provides a presumption that a case is not filed in good faith with respect to "all creditors." The court acknowledges that the reference to "all creditors" may seem overly expansive, but many provisions added to the Code by BAPCPA do not always dovetail very neatly. The court's construction of the term "action taken" does not create a conflict or ambiguity between § 362(c)(3)(A) and § 362(c)(3)(B) and § 362(c)(3)(C)(i), nor does it render those sections redundant or superfluous. The court is not persuaded by this potential argument and relies instead on the well-established principles of statutory construction previously dis-

---

**3.** The term "proceeding" is used in subsections (a)(1), (a)(8), and (c)(3)(A) of § 362, and

the court considers to term "action" as used in § 362(c)(3)(A) to include "proceedings."

cussed.[4]

In this case the uncontested evidence is that no actions were taken against the debtor prior to bankruptcy. Accordingly, the court concludes that no protections of the automatic stay are terminated in this case by § 362(c)(3)(A) and that it is not necessary to continue the automatic stay under § 362(c)(3)(B).

The court notes that there remain other issues with respect to § 362(c)(3)(A). Yet to be decided is the meaning in § 362(c)(3)(A) of the term "with respect to the debtor." If the stay is lifted as to an "action taken," does the stay terminate with respect to property of the estate or only with respect to the debtor? That is an interesting question that need not be decided in this case.[5]

██ Although a continuation of the stay is not needed, nevertheless, as the court stated previously, § 362(c)(3)(A) is a puzzler, and no doubt it will be the subject of future judicial interpretations. While the court is confident in its decision, in the event that some higher court may come to a different conclusion, the court will continue the stay as to all creditors pursuant to § 362(c)(3)(B). The court finds that there was no response to the debtor's motion and that she has by clear and convincing evidence overcome the presumption in § 362(c)(3)(C) that her case was not filed in good faith.[6] Accordingly, the court, as a precaution, grants the debtor's alternative request that the automatic stay be continued as to all of the debtor's creditors pursuant to § 362(c)(3)(B).

SO ORDERED.

---

4. It is also reassuring to note that policy considerations support the court's interpretation. Creditors who have initiated an action of the kind described above have invested time and money, and it makes sense that Congress intended to terminate the stay as to them. Furthermore, Congress's decision to lift the automatic stay after 30 days in these situations fosters clarity and certainty. Creditors who have brought an action will know who they are. Other creditors, who have not, will know, in the situations where § 362(c)(3)(A) applies, that the automatic stay still is in effect.

5. Given the court's ruling this is no longer an issue. The statutory construction issues presented by the Code provisions added by the BAPCPA are complex, and the court would rather resolve them without the pressure of short time limitations. The court is well aware that the development of case law to map the parameters of new legislation requires care, caution, and time, and its interpretation of this statute is intentionally as narrow in scope as is appropriate under the facts of this case. The court is especially cautious given that this order is entered in a case in which the issues were uncontested, and no argument was presented by any creditor that may be affected by the court's ruling.

6. The debtor's prior case was dismissed for failure to make required plan payments. Her ability to make the plan payments in her first case depended on funds contributed by her fiancé. When her relationship with her fiancé ended, so did his contributions. Her circumstances are now quite different. She now has dependable employment and has moved to a less expensive residence.