**In re Alberta GILLCRESE, Debtor.**

**Bankers Trust Company of California, N.A., Movant**

**v.**

**Alberta Gillcrese and Ronda J. Winnecour, Esquire (Trustee), Respondents.**

**No. 05–50408 JKF.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 20, 2006.

As Amended July 21, 2006.

Michael S. Geisler, Esq., Counsel to Debtor.

Angela Abreu, Esq., Counsel to Bankers Trust Company of California, NA.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

This court issued an oral order denying the Motion to Confirm the Termination or Absence of Stay on June 29, 2006. This memorandum opinion is in support of that order.

Movant, Bankers Trust Company of California, N.A., seeks a determination that the automatic stay as to the property of the estate has been terminated pursuant to

11 U.S.C. § 362(c)(3)(A). The Debtor initially filed for bankruptcy under chapter 13 on June 3, 2002. Bankr.No. 02–26026 JKF. Due to the Debtor's failure to make plan payments, the court dismissed that case on September 21, 2005. Three months later, on December 18, 2005, the Debtor filed the instant chapter 13. No motion was filed to extend the automatic stay. For purposes of the bank's motion, the Debtor's counsel concedes that the automatic stay as to the Debtor's property and the Debtor has terminated as a result of the passage of 30 days following the Debtor's second filing. Thus, those issues are not before the court. The only issue before us is whether the automatic stay terminates as to the property of the estate pursuant to 11 U.S.C. § 362(c)(3)(A).

Section 362(c)(3)(A) is one of the provisions of the Bankruptcy Code added as a result of the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Since the addition of this section, bankruptcy courts have had the opportunity to interpret § 362(c)(3)(A). Several have stated that § 362(c)(3) is poorly written. *See, e.g., In re Baldassaro,* 338 B.R. 178, 182 (Bankr.D.N.H.2006)("poorly written"); *In re Collins,* 334 B.R. 655, 658 (Bankr.D.Minn.2005)("clumsily drafted"). *See also In re Paschal,* 337 B.R. 274, 277 (Bankr.E.D.N.C.2006). However, despite uncomplimentary prior reviews, the mandatory initial step in statutory interpretation "is to determine 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Marshak v. Treadwell,* 240 F.3d 184, 192 (3d Cir. 2001) (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

L.Ed.2d 808 (1997)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." *Id.* (quoting *Robinson,* 519 U.S. at 341, 117 S.Ct. 843). When the court finds that the language at issue has a clear meaning, it "need not look further." *Id.* (quoting *Robinson,* 519 U.S. at 341, 117 S.Ct. 843).

Turning to the relevant language, § 362(c)(3)(A) provides:

"3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, . . .

"(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case [.]"

11 U.S.C. § 362(c)(3)(A).

The movant's interpretation of § 362(c)(3)(A), that it terminates all the protections of the automatic stay including the protection of the property of the estate, hinges upon the legislative intent of BAPCPA. The sparse legislative history relevant to § 362(c) states that § 362(c) was amended "to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period." H.R.Rep. No.109–31(I) at 69 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 138.[2] The movant asserts that this is one of those "rare" occasions where the "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Thus, rather than looking to the actual language of the statute, as the court is normally required to do, the movant urges the court to consult the legislative history first, on the theory that the statute does not comport with the intent of Congress. In support of this argument, the movant cites the *Paschal* opinion, *supra,* claiming that the *Paschal* court read an ambiguity in § 362(c)(3)(A) so as to require an inquiry into the legislative history. A reading of *Paschal* establishes that the court found statutory irregularities only with regard to the prefatory language of § 362(c), which defines the repeat filers governed by § 362(c), as opposed to the language of § 362(c)(3)(A), which deals with the property affected by the termination of the automatic stay. *Paschal,* 337 B.R. at 277. In further search of support, the movant points to the wording of § 362(c)(4)(A)(i) which provides that when an individual debtor has filed for bankruptcy three or more times in one year, after dismissal of the prior two or more cases, "the stay under subsection (a) shall not go

---

**2.** Movant also directed this court to an opinion that contains language suggesting that the court had uncovered a clear and "unmistakable" legislative intent that should control this court's interpretation of § 362(c)(3)(A) and terminate the automatic stay as to the property of the estate. *In re Collins,* 334 B.R. 655, 658 (Bankr.D.Minn.2005). On closer inspec-

tion, that court spoke generally about Congress' intent with regard to § 362(c)(3) in its entirety. More recently, in a related opinion, that same court acknowledged the specific, unique statutory language of § 362(c)(3)(A). *In re Taylor,* 334 B.R. 660, 661 (Bankr. D.Minn.2005).

into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). The movant argues that the broad, expansive wording of that section further bolsters the overriding intention of Congress to strictly limit the operation of the automatic stay when the debtor in question is a repeat filer. However, the opposite conclusion is equally as plausible. Congress must be presumed to know that it has used two differently worded statutes that apply in two different circumstances.

■ Although the movant's interpretation finds some support in the relevant legislative history and the overall construction of § 362(c), general legislative intent cannot overcome specific, unambiguous statutory language. *Garcia v. United States*, 469 U.S. 70, 73, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984), *rehearing denied* 469 U.S. 1230, 105 S.Ct. 1235, 84 L.Ed.2d 371 (1985). Indeed, "only the most extraordinary showing of contrary [legislative] intentions ... would justify a limitation on the 'plain meaning' of the statutory language." *Id.* Undoubtedly, Congress intended to curtail the automatic stay under some conditions for repeat filers through the addition of § 362(c)(3)(A). Even if one chose to conclude that the statute is poorly written, the fact that Congress used different words and made different choices to cover different circumstances is not justification to ignore the explicit language of the statute when a specific provision is unambiguously clear. *See Lamie v. United States Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Even though the provision may be "awkward, and even ungrammatical ... that does not make it ambiguous on the point at issue." *Id.* at 534, 124 S.Ct. 1023. Consequently, because the language at issue in this dispute is clear, this is not an occasion to delve into the uncertain waters of legislative history. *See* Antonin Scalia, *A Matter of Interpretation* 29–37 (Amy Gutmann ed., Princeton University Press 1997).

Section 362(c)(3)(A) in relevant part concerning the dispute at hand is unambiguous. The provision at issue in § 362(c)(3)(A) provides that when an individual who has previously had a bankruptcy case dismissed within one year files for bankruptcy again within that same twelve-month period, the automatic stay "with respect to a *debt* or *property securing such debt* or with respect to *any lease* shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A) (emphasis added). The plain language of the statute clearly indicates that, after the 30 day period, the automatic stay will terminate as to the debtor. Noticeably missing from this provision is any reference to the property of the estate.

■ In contrast, § 362(c)(4)(A)(i) takes a broader stance on the abrogation of the automatic stay when the debtor files at least three such cases. That section prevents the automatic stay under subsection (a) from taking effect at all when the third or later case is filed. If Congress wanted to expansively sweep away the protections of the automatic stay in situations governed by § 362(c)(3)(A), it could have done so similarly to the way that it did in § 362(c)(4)(A). Instead, Congress limited the termination of the automatic stay in § 362(c)(3)(A) to the enumerated items. The Supreme Court has been very clear that when "Congress includes particular language in one section of a statute but omits it in another ... it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). Thus, the "plain language" of § 362(c)(3)(A) does not terminate the automatic stay as to the property of the estate after the initial 30–day period expires.

Likewise the section is clear on its face that § 362(c)(3)(A) applies to the debtor. This is not a distinction without a difference. Acts against a debtor can be taken "with respect to a debt...." 11 U.S.C. § 362(c)(3)(A). For example, an eviction action can be brought against a debtor "with respect to" a lease. 11 U.S.C. § 362(c)(3)(A). A suit against a debtor can be taken on a note a debtor signed (i.e., "with respect to a debt"). 11 U.S.C. § 362(c)(3)(A). These "in personam actions" can be brought whether or not an action is commenced "in rem" against the res.[3]

This court is not alone in its interpretation of § 362(c)(3)(A). Several courts have reached the same conclusion. *See, e.g., In re Johnson,* 335 B.R. 805, 806 (Bankr. W.D.Tenn.2006) ("the plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate' "); *In re Jones,* 339 B.R. 360, 365 (Bankr.E.D.N.C.2006) ("It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate"); *In re Moon,* 339 B.R. 668, 671 (Bankr. N.D.Ohio 2006) ("the automatic stay, which operates as to both the debtor and the property of the estate, is terminated by § 362(c)(3)(A) only as to the debtor thirty days after the petition date"); and *In re Harris,* 342 B.R. 274, 280 (Bankr.N.D.Ohio 2006) (" § 362(c)(3)(A) terminated the automatic stay as to (1) any action taken with respect to a debt of the debtor; (2) any action taken with respect to property of the debtor; and (3) any action taken with respect to any lease of the debtor. No other portion of the automatic stay, including the stay relating to property of or from the estate, was affected").

The statutory language of § 362(c)(3)(A) is clear and unambiguous in that it does not reach property of the estate.[4] The automatic stay as to the property of the estate is not terminated by § 362(c)(3)(A). Thus the movant's application was denied. An order denying the motion was docketed at D.N. 43 on July 7, 2006. No further order will be issued.

---

**3.** As noted at the outset, this court is not called upon to determine whether § 362(c)(3)(A) reaches property of the debtor.

**4.** The court notes that Congress has delineated between the debtor, the debtor's property and property of the estate elsewhere in § 362. *See, e.g.,* 11 U.S.C. § 362(a)(1) ("action or proceeding against the debtor"); 11 U.S.C. § 362(a)(2) ("enforcement, against the debtor or against property of the estate"); 11 U.S.C. § 362(a)(3) ("possession of property of the estate or of property from the estate"); 11 U.S.C. § 362(a)(4) ("against the property of the estate"); 11 U.S.C. § 362(a)(5) ("enforce against property of the debtor"); 11 U.S.C. § 362(a)(6) ("recover a claim against the debtor"); 11 U.S.C. § 362(b)(2)(C) ("withholding of income that is property of the estate or property of the debtor"); 11 U.S.C. § 362(c)(1) ("the stay against the property of the estate").