In re Russell D. HOLLINGSWORTH, Debtor.

No. C 06–24498.

United States Bankruptcy Court, D. Utah.

Dec. 21, 2006.

David T. Berry, Berry & Tripp, Salt Lake City, UT, for Debtor.

## ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

GLEN E. CLARK, Chief Judge.

The debtor's motion to Extend the § 362(a) Automatic Stay as to All Creditors came on for hearing before the court on the 13th day of December 2006, at 9:00 a.m. David Berry of Berry & Tripp appeared on behalf of the debtor.

On November 20, 2006, the debtor filed this voluntary Chapter 13 bankruptcy proceeding. This debtor was a debtor in a previously filed bankruptcy proceeding within the one year period of the present filing, therefore this debtor is subject to operation of § 362(c)(3)(A).

At paragraph six of debtor's motion, the debtor states that the present bankruptcy proceeding was filed to protect the debtor's home from foreclosure. Pursuant to § 1306, the debtor's home is property of the estate. The debtor's motion does not identify an asset in need of protection of the automatic stay that is not property of the estate.

This Court adopts the reasoning found in *In re Johnson*, 335 B.R. 805, 806 (Bankr.W.D.Tenn.2006), which finds that the plain language of § 362(c)(3)(A) dictates that the 30–day time limit applies

only to "debts" or "property of the debtor" and not to "property of the estate". Based upon this reasoning, the automatic stay continues to protect "property of the estate" after expiration of the 30–day time limit found in § 362(c)(3)(A). Relief under § 362(c)(3)(B) is necessary to a debtor only when the debtor identifies "debts" or "property of the debtor" in need of the continued protection of the automatic stay. The only asset identified in debtor's motion is the debtor's home, which, because it is property of the estate, will continue to be protected by the automatic stay beyond the 30 day period found in § 362(c)(3)(A).

The reasoning found in *Johnson* has been adopted by a number of other courts. *See, e.g., In re Jones,* 339 B.R. 360, 365 (Bankr.E.D.N.C.2006) ("It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate."); *In re Moon,* 339 B.R. 668, 671 (Bankr. N.D.Ohio 2006) ("[T]he automatic stay, which operates as to both the debtor and the property of the estate, is terminated by § 362(c)(3)(A) only as to the debtor."); *In re Harris,* 342 B.R. 274, 280 (Bankr. N.D.Ohio 2006) ("[Section] 362(c)(3)(A) terminated the automatic stay as to (1) any action taken with respect to a debt of the debtor; (2) any action taken with respect to property of the debtor; and (3) any action taken with respect to any lease of the debtor. No other portion of the automatic stay, including the stay relating to property of or from the estate, was effected."); *In re Gillcrese,* 346 B.R. 373, 377 (Bankr.W.D.Penn.2006) ("The statutory language of § 362(c)(3)(A) is clear and unambiguous in that it does not reach property of the estate. The automatic stay as to the property of the estate is not terminated by § 362(c)(3)(A)."); *In re Brandon,* 349 B.R. 130, 132 (Bankr.M.D.N.C.2006) ("The portion of § 362(c)(3)(A) at issue in

this matter is clear. By including 'with respect to the Debtor' in § 362(c)(3)(A), Congress included a limitation on the extent to which the Stay would terminate under this subsection. Congress could have removed the Stay in its entirety, as it did under § 362(c)(4), by simply deleting the phrase 'with respect to the Debtor.' "); *In re Murray,* 350 B.R. 408, 414 (Bankr. S.D.Ohio 2006) ("To summarize, the court holds that § 362(c)(3)(A) terminates the stay with respect to actions taken against the debtor and against property of the debtor, but does not terminate the stay with respect to property of the estate.").

Because debtor's motion fails to identify property that will lose protection of the automatic stay upon the termination of the 30 day period found in § 362(c)(3)(A), the debtor's motion does not contain a present controversy and is not well taken.

Based upon the above, it is hereby;

**ORDERED** that debtor's motion to extend the automatic stay is DENIED.