**In re:  Stacey J. JAMES, Debtor.**

**No.  06–30221.**

United States Bankruptcy Court,
S.D. Georgia,
Dublin Division.

Jan. 17, 2007.

Angela McElroy–Magruder, Augusta, GA, for Debtor.

### *ORDER DENYING MOTION TO EXTEND STAY AND REQUEST TO DECLARE THE MOTION MOOT*

SUSAN D. BARRETT, Bankruptcy Judge.

This matter initially came before the Court upon Debtor's "Motion to Continue Stay Pursuant to 11 USC § 362(c)(3)(B) as to All Creditors."  Upon the Court's denial of the Motion, Debtor's counsel immediately requested the Court deny the motion as moot, arguing that since no collection action was taken against the Debtor prior to the commencement of the current case, the automatic stay terminates as to no credi-

tors, thereby mooting the motion. For the reasons discussed below, the Court DE-NIES both Debtor's Motion to Continue the Stay and Debtor's Motion to Declare the Motion Moot.

## FINDINGS OF FACT

Debtor's previous bankruptcy was dismissed within a year of the filing of Debtor's current bankruptcy case.[1] On June 22, 2006, Debtor filed her current bankruptcy petition along with a motion to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). At the hearing, the Chapter 13 Trustee opposed continuing the stay, arguing that there was no substantial change in Debtor's situation between bankruptcy cases.[2]

The record indicates that Debtor's previous case was dismissed because Debtor failed to timely make plan payments and failed to appear at her confirmation hearing. At the hearing to consider continuing the stay, Debtor testified that since her last case, she has not had any change or break in employment status, her income has actually decreased,[3] while her expenses have increased. Based upon this testimony, the Court applied 11 U.S.C. § 362(c)(3)(C) and found that there had not been a substantial change in the financial or personal affairs of the Debtor since the dismissal of her previous case, nor was there any other reason for the Court to conclude that the current case will be confirmed and fully performed. Therefore, the Court denied the Motion to Continue the Stay.

Immediately after issuing this ruling from the bench, Debtor's counsel requested the Court declare the motion moot. Debtor's counsel argues that "... because no collection actions were commenced against the debtor prior to the second filing, the automatic stay terminated as to no creditors." (Debtor's Letter Br. 2, Dckt. # 26.) For the reasons discussed below, the Court denies the Debtor's request to declare the motion moot.

## CONCLUSIONS OF LAW

■ At issue is the meaning of the terms "action taken" in 11 U.S.C. § 362(c)(3)(A) which provides in pertinent part:

(c) Except at provided in (d), (e), (f), and (h) of this section-

.    .    .    .    .

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed ...

(A) the stay under subsection (a) with respect to any *action taken* with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case. . . .

11 U.S.C. § 362(c)(3)(A) (emphasis added).

With the October 2005 implementation of the Bankruptcy Abuse Prevention and

---

**1.** Debtor's previous bankruptcy was filed in the United States Bankruptcy Court of the Southern District of Georgia (Dublin Division) (Case No. 06–30075) on March 20, 2006, and dismissed on May 11, 2006.

**2.** The Chapter 13 Trustee also challenged the Debtor's "good faith" arguing that Debtor's failure to use a tax refund to fund her previ-

ous bankruptcy case amounts to bad faith. Because the Court denies the motion on other grounds, this issue is not be addressed.

**3.** While Debtor's hourly wage has increased, the actual number of hours she works has decreased.

Consumer Protection Act of 2005 ("BAPC-PA") several provisions of the Bankruptcy Code regarding the automatic stay were fundamentally changed. Specifically, under § 362(c)(3)[4] of BAPCPA, where an individual Chapter 13 debtor has had one previous case dismissed within the preceding year ("One Time Repeat Filer"), the automatic stay expires on the 30th day after the filing of the subsequent case. 11 U.S.C. § 362(c)(3).

The Debtor seizes upon the words "action taken" in § 362(c)(3)(A) arguing that the automatic stay expires only as to creditors who have *taken action prior* to the filing of the second petition. The Court disagrees with this narrow reading of "action taken."

■ "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms". *Lamie v. United States Tr.*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (citations and internal punctuation omitted). For words not rigidly defined, the United States Supreme Court recognizes the "controlling significance of context." *Wachovia Bank v. Schmidt*, 546

**4.** In its entirety, 11 U.S.C. § 362(c)(3) provides:

> (c) Except at provided in (d), (e), (f), and (h) of this section—
>
> . . . . .
>
> (3) *if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed* . . .
>
> (A) the stay under subsection (a) with respect to any ***action taken*** with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases ***as to any or all creditors*** (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—
> (i) ***as to all creditors***, if-
> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;
> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to-
> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> (bb) provide adequate protection as ordered by the court; or
> (cc) perform the terms of a plan confirmed by the court; or
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded-
> (aa) if a case under chapter 7, with a discharge; or
> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
> (ii) ***as to any creditor*** that commenced an action under subsection [362](d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor. . . .

11 U.S.C. § 362(c)(3) (emphasis added).

U.S. 303, 126 S.Ct. 941, 949, 163 L.Ed.2d 797 (2006).

The Court finds that when "action taken" is read in context with the remaining provisions of § 362(c)(3) its application is not limited to creditors that have taken action prior to the pendency of the current case. Subparagraphs (A), (B) and (C) of § 362(c)(3) are conjunctive subparagraphs which should be read together. Section 362(c)(3)(A) provides that the automatic stay with respect to any "action taken" shall terminate on the 30th day after the filing of the subsequent case. There is no temporal qualification on "action taken" that limits its application to past action. Section 362(c)(3)(B) [5] provides on motion of a party in interest, if certain criteria are met, the Court may extend the stay as to "any or all creditors," not just creditors who have previously taken action. Then, § 362(c)(3)(C)(i) [6] provides that cases filed by One Time Repeat Filers are presumptively filed in bad faith, but this presumption may be overcome as to "all creditors" if certain criteria are met. Finally, § 362(c)(3)(C)(ii) [7] does instill a temporal element when it provides that the subsequent case is presumptively filed in bad faith "as to any creditor" that commenced a basic lift of stay proceeding during the pendency of the previous case and such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor. Reviewing "action taken" in context of the entire § 362(c)(3), the Court finds its application is not limited merely to creditors who have taken action prior to the pendency of the current case.

The Debtor cites *In re Paschal*, 337 B.R. 274 (Bankr.E.D.N.C.2006) which held that "the action with respect to which the stay terminates is an 'action taken,' which means an action in the past, prior to the filing of the debtor's bankruptcy petition." *Id.* at 280. At the onset, the *Paschal* court found § 362(c)(3)(A) to be ambiguous. *Id.* at 277. As such, the *Paschal* court noted:

> [t]he available legislative history ... suggests that Congress intended that § 362(c)(3)(A) terminate all of the protections of the automatic stay. The report of the House Judiciary Committee states that the BAPCPA 'amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period.'

*Id.* at 278, citing E–2 Collier on Bankruptcy App. Pt. 10(b) at App. Pt. 10–333 (15th ed. Rev.2005) (quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)).

The *Paschal* court noted that when a statute is ambiguous, the legislative history is helpful and may be considered, but it is not controlling, especially when the language of the statute contradicts the legislative history. *Id.* at 278.

The *Paschal* court discussed Congress' use of the term "act" in §§ 362(c)(1) and (c)(2), rather than "action," and noted that the use of different terms within related statutes generally implies that different meanings were intended. *Id.* at 279. The *Paschal* court reviewed the usage of the

---

**5.** 11 U.S.C. § 362(c)(3)(B) (reprinted *supra* note 3).

**6.** 11 U.S.C. § 362(c)(3)(C)(i) (reprinted *supra* note 3).

**7.** 11 U.S.C. § 362(c)(3)(C)(ii) (reprinted *supra* note 3).

words "act" and "action" in several subsections of § 362[8] and concluded that "the term 'action' means a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." *Id.* at 280.

However, since the term "action" is not a rigidly defined term its meaning must be assessed by the context in which it is used. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). When § 362(c)(3) is read, as a whole, the Court concludes the focus is not merely upon the term "action," but rather "action taken." The words "action taken" are used together four times in the Code— § 362(c)(3)(A); § 362(k)(2) ("if such violation is based on an *action taken* by an entity"); § 507(a)(8)("collection *action taken*"); and § 524(g)(6)("does not bar an *action taken* by or at the direction of an appellate court"). The last two usages, contemplate a "formal" action, as discussed by *Paschal;* however, the usage of "action taken" in § 362(k)(2) is similar to the issue at hand. Section 362(k)(2) limits damages to actual damages if certain stay violations are based on "actions taken" in good faith belief that a debtor has not timely filed, and acted upon, a statement of intention regarding personal property. 11 U.S.C. § 362(k)(2). The "action taken" does not have to be a "formal" action and there is no temporal language requiring that the action be taken prior to the commencement of the current case.

The United States Supreme Court in a case determining the citizenship of national banks, for diversity jurisdiction purposes, considered a statute's use of the words "located" and "established." *Wachovia Bank v. Schmidt,* 546 U.S. 303, 126 S.Ct. 941, 944, 163 L.Ed.2d 797 (2006).[9] The Supreme Court reviewed the context the words were used in and the statutory

---

**8.** The *Paschal* court found that:

> The term 'act' is much broader than the term 'action taken.' The term 'act' is used in several subsections of the automatic stay; specifically, the term 'act' appears in § 362(a)(3)("any *act* to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"), § 362(a)(4) ("any *act* to create, perfect, or enforce any lien against property of the estate"), § 362(a)(5) ("any *act* to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title"), and § 362(a)(6) ("any *act* to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title") ....
> The term 'action' appears in § 362(b)(1) ("commencement or continuation of a criminal *action* or proceeding"); § 362(b)(2)(A) ("commencement or continuation of a civil *action* or proceeding"); § 362(b)(4) ("*action* or proceeding by a governmental unit or any organization exercising authority under the Con-

vention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction"); § 362(b)(8) (*action* to foreclose by Secretary of Housing and Urban Development); § 362(b)(14) ("*action* by an accrediting agency"); § 362(b)(15) ("*action* by a State licensing body"); § 362(b)(16) (*action* by a guaranty agency defined by Higher Education Act of 1965); and § 362(b)(22) (continuation of eviction *action*); and § 362(b)(25)(A) and (B) (*action* by securities self regulatory organization). 'Action' also appears in § 362(c)(3)(C)(ii), referring to commencing an *action* under subsection § 362(d), a formal motion for relief from the automatic stay.
> *Id.* at 279–80.

**9.** The *Paschal* court cites *Wachovia Bank v. Schmidt,* 388 F.3d 414 (4th Cir.2004) in its opinion; however, subsequent to *Paschal* decision, the United States Supreme Court reversed and remanded the case. *See, Wachovia Bank v. Schmidt,* 388 F.3d 414 (4th Cir. 2004), *rev'd,* 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006).

codification process and noted that "Congress may well have comprehended the words ... as synonymous or alternative terms." *Id.* at 949. Congress used "established" in various formulations of the particular statute and "located" in other formulations. *Id.* When the relevant statute was once again revised, the sections using the different terms were merged. *Id.* Upon reviewing the legislative codification process of the statute, the Supreme Court noted that "Congress' use of the two terms may be best explained as a coincidence of statutory codification. Deriving from separate provisions enacted in different years, the word[s] ... were placed in the same section...." *Id.* "To summarize, 'located,' as its appearances ... reveal ... is a chameleon word; its meaning depends on the context in and purpose for which it is used." *Id.* at 951.

BAPCPA's insertion of "action taken" into § 362 may be explained much in the same way. Section 362(c)(3) is a new section added by BAPCPA, while §§ 362(c)(1) and § 362(c)(2), which both use the term "act" rather than "action taken," were adopted prior to BAPCPA and remain substantially unchanged by BAPCPA. Furthermore, the Court finds the plain and unambiguous language of § 362(c)(3), when read in its entirety, indicates its application is not limited merely to credi-

tors who have taken action prior to the filing of the current case.

The *Paschal* court also noted that the language of § 362(c)(4)(A)(i) [10] is different and concluded that Congress' use of different language limited the scope of § 362(c)(3)(A). While it may have been clearer if the language of the two sections tracked more closely, the two sections address different concepts. Section 362(c)(3) addresses the One Time Repeat Filer and provides that the stay expires after 30 days, unless certain criteria are met. Whereas, § 362(c)(4) addresses an individual debtor that has had 2 or more cases dismissed within a year of the filing of the subsequent case and provides that there is no stay, unless the court imposes one. Reading both sections in their entirety, the Court does not conclude that the omission of the "action taken" language from § 362(c)(4)(A)(i) limits the scope of § 362(c)(3)(A) to actions taken prior to the commencement of the current case.

It is therefore ORDERED that the Motion to Extend the Stay is DENIED and the request to declare the Motion Moot also is DENIED.

---

**10.** Section 362(c)(4)(A)(i) provides in pertinent part:

If a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases

of the debtor were pending within the previous year but were dismissed ... the stay ... shall not go into effect upon the filing of the later case. 11 U.S.C. § 362(c)(4)(A)(i).