**In re Dennis D. and Cynthia STANFORD.**

**No. 07–BK–10477E.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Aug. 3, 2007.

G. Gregory Niblock, Niblock & Associates, Stuttgart, AR, for Cynthia Stanford and Dennis D. Stanford.

## *ORDER DENYING IN PART AND CONTINUING IN PART SCHNEIDER'S AMENDED MOTION FOR RELIEF FROM STAY*

AUDREY R. EVANS, Bankruptcy Judge.

### FACTS AND PROCEDURAL HISTORY

Dennis Stanford (the "**Debtor**") entered into a Lease Agreement (the "**Lease**") dated May 31, 2002, whereby the Debtor leased a 2003 Peterbilt Truck (the "**Peterbilt**") and promised to make payments to Schneider Finance, Inc. ("**Schneider**") as described in the Lease. On August 15, 2005, Debtor filed a Chapter 13 bankruptcy petition (the "**prior bankruptcy**"). The Debtor's prior bankruptcy was dismissed on October 10, 2006, for failure to make payments to the Trustee. Debtor filed the present Chapter 13 petition on January 30, 2007 (the "**present bankruptcy**"). Debtor has not filed a motion seeking to extend the automatic stay as allowed by § 362(c)(3)(B), nor has he filed a motion to impose a stay under § 362(c)(4). Howev-

er, Schneider filed a *Motion for Relief from the Automatic Stay* (the "**Motion for Relief**") pursuant to § 362(d) based on lack of adequate protection on February 26, 2007. Schneider filed an *Amended Motion for Relief from the Automatic Stay* (the "**Amended Motion for Relief**") on March 14, 2007, also seeking relief from the automatic stay pursuant to § 362(c)(3), and specifically alleging that the automatic stay had terminated the thirtieth day after Debtor filed his petition.

The Court heard this matter on April 5, 2007. Greg Niblock appeared on behalf of the Debtor and Lance Miller appeared on behalf of Schneider. At the hearing, the attorneys gave opening statements and requested the opportunity to submit briefs on the following issue: Whether the termination of the automatic stay under § 362(c)(3)(A) applies to property of the estate. The Court agreed to allow the attorneys to submit briefs on the issue so long as a stipulation of facts signed by each party was also submitted. Although the initial Scheduling Order was entered, it failed to order that a stipulation of facts be submitted. The attorneys each submitted briefs on the above legal issue. However, no stipulation of facts was submitted. Without a stipulation of facts, the Court reviewed the pleadings and briefs submitted for the most relevant undisputed facts. However, having reviewed the parties' initial briefs and § 362(c)(3)(A), the Court found that in order to determine whether the automatic stay terminated under § 362(c)(3)(A), it must first determine whether an action had been taken by Schneider as provided in § 362(c)(3)(A). The facts presented in the pleadings and initial briefs did not indicate whether Schneider had taken any such action. Accordingly, the Court entered a Scheduling Order on June 20, 2007, requesting that a stipulation of facts be submitted and that the Debtor and Schneider submit briefs

addressing an additional legal issue: Whether § 362(c)(3)(A) requires a creditor to have taken formal legal action against the debtor prior to the filing of the bankruptcy petition in order for the automatic stay to terminate.

Schneider filed a *Supplemental Brief in Support of Schneider Finance, Inc.'s Motion for Relief from Automatic Stay as Amended* addressing the additional issue. Schneider also filed a *Proposed Stipulation of Facts* and notified the Court that the parties were unable to agree to the facts stated therein. The Debtor filed *Debtor's Supplemental Brief* addressing the additional legal issue. Both Schneider's Proposed Stipulation of Facts and the Debtor's Supplemental Brief indicate that a Complaint for Replevin was filed by Schneider against the Debtor in state court prior to the filing of the present bankruptcy petition in an effort to gain possession of the Peterbilt. Therefore, the Court accepts this as a stipulated fact.

The parties agree that Debtor had a bankruptcy case pending within the preceding 1–year period (the prior bankruptcy), that the prior bankruptcy was dismissed, and that the present bankruptcy is therefore subject to § 362(c)(3)(A). The parties also agree that the Peterbilt is property of the estate as opposed to property of the Debtor as defined by the Bankruptcy Code.

### ANALYSIS

Congress added § 362(c)(3)(A) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, § 302 ("**BAPCPA**"). This section reads, in part,:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—...

(3) if a single or joint case is filed by or against debtor who is an individual

in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) *with respect to any action taken* with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case;

11. U.S.C. § 362(c)(3)(A) (emphasis added).

Judge Small described § 362(c)(3)(A) as follows:

In an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out. It uses the amorphous phrase 'with respect to' a total of four times in short order and raises questions about the meaning of the words 'action taken' and 'to the debtor.' The language of the statute is susceptible to conflicting interpretations, and if read literally, would apply to virtually no cases at all. In sum, it's a puzzler.

*In re Paschal,* 337 B.R. 274, 277 (Bankr. E.D.N.C.2006). This Court completely agrees.

To determine if the automatic stay terminated under § 362(c)(3)(A) in this case, the Court must analyze two phrases of the statute: "with respect to any action taken" and "with respect to the debtor." For the reasons discussed below, the Court finds that "with respect to any action taken" requires a formal legal action to have been taken, and in this case, Schneider took formal action by filing a Complaint for Replevin in state court to gain possession of the Peterbilt truck. The Court further finds that the phrase "with respect to the debtor" refers to the debtor and property of the debtor and *not* property of the estate, and because the Peterbilt is property of the estate, it is protected by the automatic stay which did not automatically terminate on the thirtieth day following debtor's bankruptcy filing.

**A. Must a creditor take a formal action prior to the filing of the bankruptcy petition in order for § 362(c)(3)(A) to terminate the automatic stay?**

The first issue the Court must decide in determining whether the automatic stay is terminated under § 362(c)(3)(A) is whether the phrase "with respect to any action taken" requires a creditor to have taken a formal judicial, administrative or other similar undertaking prior to the filing of the debtor's bankruptcy petition. The Court relies on Judge Small's opinion in *In re Paschal,* 337 B.R. 274 (Bankr. E.D.N.C.2006), in holding that "action" means "a formal judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." Judge Small came to this conclusion after determining that 11 U.S.C. § 362(c)(3)(A) is ambiguous and then undertaking the arduous task of applying the rules of statutory interpretation to find that a formal action is required. *See Paschal* at 277.[1] Because the Court adopts Judge Small's reasoning in *Paschal,* it finds that the phrase "action taken" is ambiguous, requiring interpretation, and concludes that the action taken must have been "a formal judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding." Therefore,

---

1. *But see In re James,* 358 B.R. 816 (Bankr. S.D.Ga.2007) ("[T]he plain and unambiguous language of § 362(c)(3), when read in its entirety, indicates its application is not limited merely to creditors who have taken action prior to the filing of the current case.").

§ 362(c)(3)(A) terminates the automatic stay of a creditor who has taken an action, as defined above, involving the debt, property securing such debt, or any lease prior to the filing of the current bankruptcy petition.

■ In this case, Schneider filed a Complaint for Replevin in state court in an effort to gain possession of the Peterbilt prior to the most recent filing of debtor's bankruptcy petition. Filing a Complaint for Replevin in state court is the type of formal, judicial proceeding required under § 362(c)(3)(A) in order for the automatic stay to terminate. Additionally, the action taken by Schneider involved the Peterbilt truck, which is property securing a debt owed to Schneider. Therefore, the Court finds that the "action taken" requirement of § 362(c)(3)(A) has been met because Schneider took formal, judicial action involving the Peterbilt truck prior to the Debtor's filing of his most recent bankruptcy petition.

## B. Does § 362(c)(3)(A) terminate the automatic stay with regard to property of the estate?

■ The courts are split as to whether § 362(c)(3)(A) provides for full termination of the automatic stay with regard to the debtor, property of the debtor, and property of the estate, or only partial termination with regard to the debtor and property of the debtor. The majority view is that the automatic stay terminates under § 362(c)(3)(A) only with regard to the debtor and property of the debtor, *not* property of the estate.[2] Many of these courts have relied on the "plain language" of § 362(c)(3)(A) in determining that the automatic stay is not terminated in regard to property of the estate after the 30–day period expires.[3] Judge Small explained this "plain language" approach as follows:

Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, "with respect to the debtor" in that section are entirely plain; a plain reading

2. *See, e.g., In re Jumpp*, 356 B.R. 789 (1st Cir. BAP 2006); *In re Tubman*, 364 B.R. 574 (Bankr.D.Md.2007); *In re McFeeley*, 362 B.R. 121 (Bankr.D.Vt.2007); *In re Hollingsworth*, 359 B.R. 813 (Bankr.D.Utah 2006); *In re Pope*, 351 B.R. 14 (Bankr.D.R.I.2006); *In re Murray*, 350 B.R. 408 (Bankr.S.D.Ohio 2006); *In re Brandon*, 349 B.R. 130 (Bankr.M.D.N.C. 2006); *In re Gillcrese*, 346 B.R. 373 (Bankr. W.D.Pa.2006); *In re Williams*, 346 B.R. 361 (Bankr.E.D.Pa.2006); *In re Harris*, 342 B.R. 274 (Bankr.N.D.Ohio 2006); *In re Bell*, 2006 WL 1132907 (Bankr.D.Colo.2006) (not intended for publication); *In re Moon*, 339 B.R. 668 (Bankr.N.D.Ohio 2006); *In re Jones*, 339 B.R. 360 (Bankr.E.D.N.C.2006) (same); and *In re Johnson*, 335 B.R. 805 (Bankr. W.D.Tenn.2006); *see also In re Baldassaro*, 338 B.R. 178 (Bankr.D.N.H.2006) (discussing the issue but disposing of the case on other grounds).

3. *See e.g., Gillcrese*, 346 B.R. at 373 ("The plain language of the statute clearly indicates that, after the 30 day period, the automatic stay will terminate as to the debtor. Notice-ably missing from this provision is any reference to the property of the estate."); *Harris*, 342 B.R. at 280 ("[Section] 362(c)(3)(A) terminated the automatic stay as to (1) any action taken with respect to a debt of the debtor; (2) any action taken with respect to property of the debtor; and (3) any action taken with respect to any lease of the debtor. No other portion of the automatic stay, including the stay relating to property of or from the estate, was affected."); *Moon*, 339 B.R. at 671 ("[T]he automatic stay, which operates as to both the debtor and the property of the estate, is terminated by § 362(c)(3)(A) only as to the debtor thirty days after the petition date[.]"); *Jones*, 339 B.R. at 365 ("It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate."); and *Johnson*, 335 B.R. at 806 ("[T]he plain language of § 362(c)(3)(A) dictates that the 30–day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.' ").

of those words makes sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code. Section 362(c)(3)(A) provides that the stay terminates "with respect to the debtor." How could that be any clearer?

*In re Jones,* 339 B.R. 360, 363 (Bankr. E.D.N.C.2006).

A minority view holds that the automatic stay terminates in its entirety under § 362(c)(3)(A).[4] These courts rely, in part, on the statutory scheme intended by the drafters to discourage bad faith repeat filing in determining that the automatic stay is terminated as to the debtor, property of the debtor, and property of the estate.[5] In doing so, these courts found that Congress intended to prevent repeat filings and that terminating the automatic stay in its entirety is a means by which to reach that objective. This Court agrees with Judge Small's conclusion that the phrase "with respect to the debtor" is perfectly clear, and therefore rejects the minority view and adopts the majority view in finding that the automatic stay terminates only with regard to the debtor and property of the debtor, *not* property of the estate.

Here, the parties agree that the Peterbilt truck is property of the estate. As such, the automatic stay did not terminate under § 362(c)(3)(A) with respect to the Peterbilt truck. Accordingly, the Court must hold a hearing reaching the merits of Schneider's Motion for Relief for cause pursuant to § 362(d).

**4.** *See In re Curry,* 362 B.R. 394 (Bankr. N.D.Ill.2007); and *In re Jupiter,* 344 B.R. 754 (Bankr.D.S.C.2006).

**5.** *See Curry,* 362 B.R. at 401 ("In short, the majority of opinions on this issue would reduce the 'shall terminate' language in § 362(c)(3)(A) to an inconsequential and

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that Count II of Schneider's Amended Motion for Relief is **DENIED;** and

**ORDERED** that Counts I and III of Schneider's Amended Motion for Relief ·from are **CONTINUED** to be set by subsequent notice.

**IT IS SO ORDERED.**

therefore absurd result in obvious conflict with the statutory scheme."); and *Jupiter,* 344 B.R. at 759 ("... the statutory scheme of § 362(c) is intended to and, in fact, terminates the automatic stay with respect to [property of the estate].").